THE NEW ENGLAND SAFE DEPOSIT & TRUST COMPANY OF MISSOURI, Appellant, v. T. M. JAMES et al., Respondents.

**Kansas City Court of Appeals, January 2, 1899.**

**Special Tax Bill:** COMPLETION OF WORK IN THE PRESCRIBED TIME.. An ordinance authorizing a street improvement required the work completed in thirty days after the contract was executed. The contract was signed November 2 and the work was accepted a year thereafter. *Held,* the tax bill was void.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

DOBSON & McCUNE and JUSTIN D. BOWERSOCK for appellant.

(1) The contract under which the paving was done was duly authorized by any fair construction of ordinance 3636, on account of the reference to the plans and specifications. Cole v. Skrainka, 105 Mo. 303; Gallaher v. Smith,.55 Mo. App. 116. (2) The contract may stand on the affirming ordinance alone as the council has power to give effect to a contract made by an agent in excess of his authority. Strassheim v. Jerman, 56 Mo. 104; Railroad v. Marion Co., 36 Mo. 294; State ex rel. v. Miller, 66 Mo. 328; Johnson v. Duer, 115 Mo. 366. (3) Plaintiff can at least recover on a *quantum meruit*, since the contract was at most void only in part. Marsh v. Richards, 29 Mo. 99; Yates v. Ballentine, 56 Mo. 530; Quest v. Johnson, 58 Mo. App. 54; Ragsdale v. Nagle, 39 Pac. Rep. 628; Presbury v. Fisher, 18 Mo. 50; Peltz v. Eichele, 62 Mo. 171. (4) The decision of the court of appeals in McQuiddy v. Brannock, 70 Mo. App. 535, is contrary to the decisions of the supreme court in all these cases, particularly the following: Gibson v. Owens, 115 Mo. 258; Cole v. Skrainka, 105 Mo. 303; Strassheim v. Jerman, 56 Mo. 104; Yates v. Ballentine, 56 Mo. 530, as applied in Quest v. Johnson, 58 Mo. App. 54.

J. T. CLAYTON and A. R. STROTHER for respondents.

(1) The work not having been begun within the time limited by the ordinance and contract, and there having been no extension of the time, the contract becomes *functus officio*, and the tax bill is void. Rose v. Trestrail, 62 Mo. App. 352; McQuiddy v. Brannock, 70 Mo. App. 535, and authorities there cited. (2) The confirming ordinance 3715 could not legally change the

terms of the ordinance 3636, providing for the work, because such a change would be equivalent to an amendment of the latter ordinance in violation of the city charter. Kansas City Charter of 1889, pages 94, 95, art. 9, sec. 25. (3) Under the above cited provision of the city charter this proceeding must fail even if it should be conceded that the "plans and specifications" mentioned in section 3 of ordinance 3636 as "now on file in the office of the city engineer, marked 'Approved,' and dated August 21, 1891," be regarded as incorporated into that ordinance by such reference. (4) There is no question of *quantum meruit* in the case.

GILL, J.—This is a suit to enforce certain special tax bills for macadamizing a portion of Fourteenth Street in Kansas City. Among other defenses it was claimed that the work was not done and completed within the time required by the ordinance providing for the improvement.

Pursuant to a petition signed by a majority in front feet of the resident property owners, the common council passed an ordinance, approved October 12, 1891, requiring the work to be done. Section 4 of said ordinance provided, "that the work shall be completed within thirty days from the time a contract therefor binds and takes effect, and to be paid for in special tax bills against and upon the lands that may be charged with the costs thereof." The contract was entered into, was approved, and therefore took effect November 2, 1891. The macadamizing was completed and accepted by the board of public works in November, 1892, about one year after the contract took effect.

Under this state of facts the trial court held the tax bills void, and for the reason that the improvement

was not completed within the time required by the ordinance above mentioned.

I. If we adhere to the ruling in McQuiddy v. Brannock, 70 Mo. App. 535, then clearly the judgment of the circuit court must be affirmed. That case was decided after mature deliberation by two members of this court and again considered on a motion for rehearing. The conclusion there reached is the result of a patient and thorough investigation. Since this case was submitted we have again gone over the matter and can see no reason for receding from the holding there announced.

Judgment affirmed. SMITH, P. J., not sitting; ELLISON, J., concurring.