Richter v. Merrill.

FRANCIS RICHTER, Respondent, v. J. W. MERRILL et al., Appellants.

Kansas City Court of Appeals, April 2, 1900.

1. **Tax Bills: KANSAS CITY CHARTER: FILING OBJECTIONS: ESTOPPEL.** The provision of the Kansas City charter requiring lot owners, within sixty days of the issue of the tax bills to file with the board of public works all objections to the validity of such tax bills, etc., does not apply to a case where the tax bill is void. And the lot owners are not estopped to set up such invalidity though they have failed to file objections, since no man while unassailed, is compelled to pay any attention to unlawful pretenses which are not asserted by possession or suit. Cases distinguished.

2. ———: ———: ———. It is not the purpose of said provisions of the charter to make installment tax bills first-class commercial securities of incontrovertible validity after sixty days unless objections are filed.

3. **Appellate Practice: CHANGE OF THEORY.** The appellate court will determine the case on the theory on which it was tried below.

Appeal from the Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*Robert Adams, E. E. Steele, R. E. Ball,* and *Rozzelle & Walsh* for appellants.

(1) The provision of the charter (art. IX, sec. 23), requiring objections to be filed to installment tax bills is valid legislation, and a failure by the property owner to comply with it is a waiver of all objections to the validity of the bills. (2) Where the statute requires the property owner to file his objections, that remedy is exclusive, and if he does not

avail himself of it he can not question the regularity of the assessment, and the only question open is the authority of the city to contract for the work.  Tumwater v. Pix, 51 Pac. Rep. 353; s. c., 18 Wash. 153; Jones v. Seattle, 53 Pac. Rep. 1105; s. c., 19 Wash. 669; Robinson v. Valparaiso, 136 Ind. 616; s. c., 36 N. E. Rep. 645; Alley v. City of Lebanon, 146 Ind. 125; s. c., 44 N. E. Rep. 1003; Emery v. Bradford, 29 Cal. 75; Nolan v. Reese, 32 Cal. 484; McKusick v. Stillwater, 44 Minn. 372; Byram v. Foley, 17 Ind. App. 629; s. c., 47 N. E. Rep. 351; Kansas City v. Bacon, 147 Mo. 259, 272; Kansas City v. Oil Co., 140 Mo. 458; Kansas City v. Ward, 134 Mo. 172; K. C. ex rel. v. Scarritt, 127 Mo. 642; State ex rel. v. Field, 99 Mo. 352; Wells v. Wood, 114 Cal. 255; Girvin v. Simon, 116 Cal. 604, 611; Arends v. Kansas City, 46 Pac. Rep. 702; s. c., 57 Kan. 350; State v. Norton, 63 Minn. 497; s. c., 65 N. W. Rep. 935; Bryant v. Railroad, 61 Me. 300; Matter of Clear Lake Co., 48 Cal. 586; Thayer v. Burger, 100 Ind. 262; Munson v. Blake, 101 Ind. 78; Mayor of N. Y., 16 Johns 231; Morgan Twp. v. Hunt, 104 Ind. 590; Fitzhugh v. Bay City, 109 Mich. 681.

*Noyes & Heath* for respondent.

(1) A suit in equity may be brought to remove a cloud on the title of real estate caused by a void special tax bill. Crane v. French, 50 Mo. App. 367; Longwell v. Kansas City, 69 Mo. App. 177; Johnson v. Duer, 115 Mo. 366-378.  The tax bill in question is void, because the contractor failed to· complete the work within the time provided by the ordinance and contract.  McQuiddy v. Brannock, 70 Mo. App. 535; Safe Deposit & Trust Co. v. James, 77 Mo. App. 616; Neill v. Gates, 152 Mo. 585.  (2) In the trial court the defendants relied entirely on the failure of plaintiff to file written objections with the board of public works within sixty

days from the date of the tax bill. The provisions of the amended charter of Kansas City, section 23, article 9, and of the laws of Missouri for 1893, page 42, providing that in any suit on any tax bill, no objection or objections can be pleaded or proved unless the same were filed in writing with the board of public works within sixty days from date of issue of the tax bill, do not apply to this action for the following reasons: (a) This is not a suit on a tax bill. Leach v. Cargill, 60 Mo. 316, 317; Cole v. Skrainka, 37 Mo. App. 427-436; Bambrick Co. v. Geist, 37 Mo. App. 509-512; Smith v. Haworth, 53 Mo. 88; Fowler v. St. Joseph, 37 Mo. 228. (b) The defendants put a wrong construction on said section. Miller v. Wagenhauser, 18 Mo. App. 11; Grumley v. Webb, 44 Mo. 444; Dart v. Bagley, 110 Mo. 42; St. Louis v. Laughlin, 49 Mo. 559; State v. Bryant, 90 Mo. 534; State v. Schuchmann, 133 Mo. 111; State ex rel. v. Ennis, 79 Mo. App. 12; McQuiddy v. Brannock, 70 Mo. App. 535. (c) Where a tax bill is void because the work was not done in time, said section does not require written objections. Boyse v. Burt, 34 Mo. 74; Haniford v. Kansas City, 103 Mo. 172; Swearingen v. Newman, 4 Mo. 456; Rogers v. Gage, 59 Mo. App. 107.

ELLISON, J.—This action is to cancel a special tax bill said to have been issued under the charter of Kansas City. The judgment in the trial court was for plaintiff.

It is not denied, as an original proposition, that since the paving for which the tax bill was issued was not completed within the time limited by the ordinance, the tax bill would be void under the cases of McQuiddy v. Brannock, 70 Mo. App. 535; Trust Co. v. James, 77 Mo. App. 616, and the case of Neill v. Gates, 54 S. W. Rep. 460; s. c., 152 Mo. 585. But it is claimed that plaintiff is disabled, or estopped, from claiming the bill to be void. This claim is

based on the following provision of the charter relating to issuing installment tax bills (sec. 23, art. 9, charter):

"Suits may be brought to enforce the payment of such tax bills or any installment or installments thereof, with all interest thereon, in the manner herein provided for the bringing of suits on other tax bills; provided, however, that the owner or owners of any tract or parcel of real estate charged with the payment of such tax bills, or the owner or owners of any interest in such tract or parcel of real estate shall, within sixty days from date of issue of the tax bills, file with the board of public works a written statement of each and all objections which he or they may have to the validity of such tax bills, the doing of the work, the furnishing of the materials charged for, the sufficiency of the .work or materials therein used and any mistake or error in the amount thereof; and in any suit on any tax bill issued pursuant to this section, no objection or objections to it shall be pleaded or proved other than those that have been filed with the board of public works within the period aforesaid."

It is conceded that plaintiff did not make the objection here presented within the time limit. But plaintiff contends that the charter does not include or apply to a case where the proceeding did not authorize the issuing of a tax bill, the bill being void *ab initio*. We are of that opinion.

That part of the provision quoted as to the validity of the bill does not refer to a void bill. It has reference to a bill which is invalid by reason of some matter which may be corrected; where some action may be taken whereby the invalidity may be cured. Merely as illustrative of this see Girvin v. Simon, 116 California, 610, and authorities cited. If, for instance, the bill is void by reason of there being no ordinance upon which to base any of the proceedings, it ought not to be thought that the charter has by this provision attempted to make it valid. In this case, under the authori-

ties first aforesaid, the tax bill was absolutely void and it can not be made valid by an omission of the property owner who had no lot nor part in bringing about its illegality.

It is certainly an extraordinary proposition that a citizen who has had no lot or part in proceedings whereby it is sought, against his will, to appropriate his property shall, after such proceedings have been closed and before he has been called upon to answer in court, come forward within a limited time and disclose his defense, or be forever barred. A man who purposes taking some affirmative legal action himself may be required to do so within a limited time (as by statute of limitations) else he will be shut out of the courts.    But that is altogether a different matter to that of one who, being passive, hearing he is to be assaulted by another for a thing already done by others, and for which he is not legally liable is required to announce, in advance, his defense to the contemplated wrongful assault.    "The law does not compel any man who is unassailed to pay any attention to unlawful pretenses which are not asserted by possession or suit."    Grosbeck v. Seely, 13 Mich. 330, 343; Baker v. Kelly, 11 Minn. 480; Taylor v. Miles, 5 Kan. 498; Dingey v. Paxton, 60 Miss. 154.    And this principle has been twice approved by the Supreme Court of this state. Spurlock v. Dougherty, 81 Mo. 171; Mason v. Crowder, 85 Mo. 526.

We have before us an extended argument, with free citation of authorities, in defense of the proposition that the charter provision aforesaid should be construed literally and permitted to cut off all defense  to a tax bill which had not been questioned by the written objection of the property owner within sixty days.    An examination of those authorities discloses that they do not bear upon the question.    They are based on estoppel, and most of them affirm the proposition that where one, after notice, stands by and permits

public work to be done without objection and the municipality to issue its bonds in payment therefor with the purpose of reimbursing itself by local assessments for the work, he is estopped to thereafter question the proceeding.

Some of them are based on the provisions of law which required the property holder, on notice, to come into a tribunal provided for contesting the proposed work or tax, or both, and hold that he was precluded thereafter. In other words, that the matter had been adjudicated. But the section of the charter in controversy makes no such provision. Installment tax bills are provided for, the last of which may run without suit for four years from date of issuing, and the property owner is required to state all defenses in sixty days which are to be made when sued upon, it may be, four years thereafter. He is thus required to know in advance what may not develop for several years, and the only safeguard would be for all property owners, as a precautionary measure, to make, at haphazard, all objections permitted and thus destroy the very object of the law as interpreted by counsel. Here, under the provision of the charter aforesaid, there is no place for the operation of an estoppel. The charter, as just stated, does not provide a tribunal with jurisdiction to hear objections, but is a mere arbitrary direction to the property holder to disclose whatever defense he may have to that which has already taken place. It does not contemplate the doing of work, or the payment of money on the faith of some act or omission of the property holder, for all has been done before the provision under review begins to operate.

But a suggestion has been made which, in reality, forms the base of counsel's entire argument. It is that the purpose of the charter in reference to installment tax bills is "to make them first class commercial securities, the validity of which is incontrovertible after sixty days from date of

issuance unless within that period the property owners make known their objections." If that was the purpose, and the courts would execute it, the tax bill would not only be in the first class of commercial securities, but first in the class. As much as the necessity of the world's commerce has pushed the law merchant in the line of negotiable notes or bills of exchange, it has not yet been proposed to require the maker to state within sixty days his every defense to the paper, past or prospective. Counsel say that the object of the charter was to make the bills absolutely incontrovertible after sixty days. That is a startling proposition. Worthless paving might appear to be in perfect condition for sixty days and even before another like period had passed become visibly worthless, yet all defense has been cut off by the security the property holder felt in false appearances, possibly fraudulently made. It will be noticed that the charter not only cuts off defense to the tax bill in the hands of innocent holders without notice, but cuts it off absolutely, even though in the hands of the original contractor or his assignee with notice. No other first class commercial paper enjoys such immunity as that.

We have stated above that the provision of the charter was not intended to apply, and did not purport to apply, to a void bill; that it was not intended to validate that which was so far void as it could not be corrected. There would be no reason in requiring a statement of objections that were incurable at the time the objections are required to be made. Whether the provision, which appears to be *sui generis*, should be held effective to compel the property owner to file, in advance, a written statement of such objections as might be remedied, is not at all necessary to a decision of this case and is not decided.

A suggestion has been made, since the cause was submitted, that the tax bill in controversy was not void. That

was not the theory on which the contest was had in the trial court and no mention of such matter was made in appellant's brief in submitting the cause. The whole controversy was on the interpretation of the charter provision, so stated by respondent's counsel which was unchallenged by appellant.

The judgment is affirmed. *Smith, P. J.,* concurs; *Gill, J.,* absent.