Barber Asphalt Pav. Co. v. Ridge.

## BARBER ASPHALT PAVING COMPANY v. RIDGE et al., Appellants.

### Division Two, June 18, 1902.

1. **Meaning of Due Process of Law.** While the courts do not attempt to define in a few words "due process of law," or its synonym, "the law of the land," still by these phrases is usually intended the general law; a law which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial. Every citizen holds his life, liberty, property and immunities under the protection of the general rules which govern society. But everything which may pass under the form of an enactment is not to be considered as the law of the land.

2. **Recovery on Cause Existing at Commencement of Suit:** DIFFERENCE BETWEEN PLAINTIFF AND DEFENDANT. Plaintiff must recover upon a cause existing at the commencement of his suit. But not so defendant. He has the right to plead any defense existing at the time he is required to answer, and if some act or circumstance occurs after the filing of his answer which would have constituted a defense had it occurred prior to filing the answer, he may, by leave of court, avail himself of it by amended answer, at any time prior to and often even during the trial.

3. ————: SPECIAL TAXBILLS: NOTICE OF DEFENSES THERETO WITHIN SIXTY DAYS. A provision of a city ordinance that requires the owner of abutting property to know and to file with the board of public works all his objections and defenses to special taxbills issued against his property, within sixty days after the taxbills are issued, or be forever barred from making such defenses when they are sued on, deprives him of his property "without due process of law." and is, therefore, unconstitutional and void.

4. **Special Taxbill:** ISSUANCE AFTER TIME LIMIT. A city council has no authority to issue a taxbill for work which has not been done within the period prescribed by the ordinance under which it was required to be done. A city council can not validate that which is void and incurable.

5. ————: CONSTITUTIONAL QUESTION: RAISED BY MOTION FOR NEW TRIAL. A challenge, in his motion for a new trial, of the constitu-

Barber Asphalt Pav. Co. v. Ridge.

tionality of the ordinance under which defendant is denied the right to plead a good defense to taxbills, is timely, if it is the first opportunity he had to raise the point.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

REVERSED AND REMANDED.

*James G. Smart* for appellants.

(1) The defendants, among other things, pleaded that the work was not done within sixty days after the contract therefor became binding and took effect, as provided by the ordinance, but long after the expiration of said sixty days, to-wit, about five months. This was a complete defense to the taxbill sued on. Such failure to comply with the ordinance rendered the board of public works powerless to issue a valid taxbill against defendants' property. The bill was not voidable, but void, and the court erred in sustaining plaintiff's motion on the second ground assigned by plaintiff, that the facts pleaded constituted no defense. Neill v. Gate, 152 Mo. 585; McQuiddy v. Brannock, 70 Mo. App. 535; Rose v. Trestrail, 62 Mo. App. 352; Springfield v. Davis, 80 Mo. App. 574; Safe Deposit & Trust Co. v. James, 77 Mo. App. 616. (2) This provision of the ordinance does not include or embrace objections, such as pleaded by defendants, which render the taxbill absolutely void. The fact that the work for which the taxbill was issued was completed long after the expiration of the time prescribed by the ordinance which authorized the paving, rendered the board of public works powerless to issue a valid taxbill and this objection to the taxbill was not, within the proper meaning of section 23, required to be filed with the board of public works. Richter v. Merrill, 84 Mo. App. 150; Steinmuller v. Kansas City, 3 Kan. App. 45; Marshall v. Leavenworth, 44 Kan. 464. (3) If section 23, article 9, charter of Kansas City, is so com-

prehensive in its language as to include those objections, such
as pleaded by defendants, which strike at the very ground
work or foundation of the tax itself, its existence or validity
(and such was the finding of the court below), then such
section deprived these defendants of that due process of law
guaranteed by both the Federal and State Constitutions, in
this, that while the charter required that they be summoned
to appear and answer the suit on the taxbill, yet they were
not allowed, although appearing, to answer that the taxbill
was absolutely and incurably void. Such is not the day in
court known and secured by the law of the land, and the
court below erred in sustaining plaintiff's motion to strike out
on the ground that defendants failed to plead that they had
complied with said section. Kansas City Charter, art. 9,
sec. 23; Constitution of Missouri, art. 2, sec. 30; amend-
ments to Constitution of U. S., art. 14, sec. 1; Hays v.
Douglass County, 92 Wis. 447; McCoy v. Anderson, 47 Mich.
504; Steinmuller v. Kansas City, supra; Lembeck v. Mayor
& Jersey City, 30 N. J. E. 554; Louisville v. Cochran, 82
Ky. 31; Wright v. Cradlebaugh, 3 Nev. 349; Scharf v. Task,
73 Md. 382.

*Scarritt, Griffith & Jones* for respondent.

(1) The provision is a reasonable restriction upon the
versatility of objectors to taxes and will be enforced as one
in the nature of a statute of limitation. Kansas City v.
Kimball, 60 Kan. 224, 56 Pac. 78; Kansas City v. Gray, 62
Kan. 198; Doran v. Barnes, 54 Kan. 238, 38 Pac. 300;
Kansas City v. Mowbray, 62 Pac. 1117; Kansas City v. Ins.
Co., 62 Pac. 1118; Wahlgren v. Kansas City, 42 Kan. 243.
(2) Section 23, article 9 of the Kansas City charter does not
conflict with the Constitution of the State or of the United
States, relative to depriving a person of property without due
process of law. The intention of this provision is not to de-

prive any property-owner of any defense he may have to a taxbill. It is only to require him to state in writing such objections or defenses as he may have and which do not appear upon the record, and file that writing in a public office within sixty days after the taxbills are issued, so that investors in those securities may not be entrapped by undisclosed and secret claims of defense. This procedure does not apply to cash or demand bills. The latter draw interest after date at ten per cent per annum. The purpose, therefore, of this provision is to make the time or installment bills more marketable and of greater value. (3) Defendants had the right before the taxbill was issued to restrain its issuance, and for sixty days after its issuance to file their objection to the validity of the bills, and when sued on the bills to plead and prove all the objections so filed. With these rights they can not be said to be deprived of their property without due process of law. McMillen v. Anderson, 95 U. S. 37, 24 L. Ed. 335; Oskamp v. Lewis, 103 Fed. 906; Land Co. v. Minnesota, 159 U. S. 37; St. Louis v. Marchel, 99 Mo. 475; Quill v. Indianapolis, 23 N. E. 788; Village of West Duluth v. Norton, 65 N. W. 935; Shalley v. Railroad, 64 Conn. 381; Cunningham v. Denver, 23 Col. 18; Thassler v. Life Assn., 67 Mo. App. 505; Floyd v. Ins. Co., 72 Mo. App. 455.

GANTT, J.—This is an action to enforce the lien of a taxbill issued by Kansas City, under authority of section 23, article 9 of the city charter of 1889, in favor of plaintiff, June 7, 1893, for the paving of Tenth street in said city from Cherry to Olive street under ordinance No. 4572. The bill is payable in four installments of $122.51 each, the last installment being payable on May 31, 1897. The petition is the usual form.

The answer is a general denial and three special defenses, as follows:

"Defendants further allege that ordinance 4572 of Kan-

sas City, Missouri, approved September 21, 1892, authorizing the doing of the work mentioned in said petition, and the contract for the same, provided that said work should be completed within sixty days from the time the contract therefor should take effect and become binding; that said contract took effect and became binding on October 27, 1892, but that said work was not completed until May, 1893, long after the expiration of said sixty days; that said work in this respect was not done in compliance with the terms of said contract and said ordinance, and for this reason the taxbill issued in payment for said work is null and void.

"Defendants further allege that the taxbill sued on is null and void for the reason that the amount thereof includes the cost of maintaining, keeping and repairing the work mentioned in the petition, for a period of five years from May 31, 1893, the date of acceptance of said work by the engineer of said Kansas City; that the mingling of the cost of said paving and said keeping, maintaining and repairing are in violation of the charter of said city.

"Defendants further allege that the taxbill sued on is void for the reason that the ordinance of said city, authorizing the paving of said Tenth street and the keeping, maintaining and repairing the same for the period of five years, is in violation of the charter of said city, in this, that it authorized a contract for keeping, repairing and maintaining said street for a period in excess of two years; that it authorized the letting the whole of said work under one contract; and authorized the whole costs of said work to be apportioned against the lots adjoining said street and taxbills issued therefor.

"Defendants further allege that all the objections mentioned to the validity of said taxbill came to the knowledge of said defendants after the filing of suit thereon.

"Wherefore defendants pray for judgment and costs."

The plaintiff filed its motion to strike out the said special defenses for the following reasons:

"*First.*   Because it is not pleaded or charged in the said answer that the defendants, or any of them, or the owner or owners of any of the real estate charged with payment of the taxbills mentioned and described in plaintiff's petition, or the owner or owners of any interest in such tract or parcel of real estate, within sixty days from the date of the issue of the said taxbills, filed with the board of public works a written statement of each or all, or any of the objections or facts stated in such answer, or any statement of each and all or any objections which they, or any of them, may have had or may have to the validity of such taxbills, the doing of the work, the furnishing of the material charged. for, the sufficiency of the work or materials charged for, the sufficiency of the work or materials therein used, and any mistake or error in the amount thereof.

"*Second.*   Because each and all of the said allegations and facts constitute no defense to the cause of action set out in the plaintiff's petition."

The court sustained said motion and struck out said defenses, to which action of the court defendants duly excepted.

At the same term, the cause being reached in regular order, judgment was rendered for plaintiff.   Within four days defendants filed their motion for a new trial, alleging among other things that by the construction placed upon the charter by the court they were deprived of their property without due process of law in violation of section 30, article 2, of the Constitution of Missouri, and section 1, article 14, of the amendments to the Constitution of the United States, and because said charter so construed deprives them of that right and justice and the administration thereof guaranteed by section 10, article 2, of the Constitution of Missouri.

The motion being overruled, defendants appealed to this court.

I.    The circuit court struck out the defendants' special pleas "because defendants did not plead and show therein that they had filed with the board of public works within sixty days after the date of the issue of the said taxbill a written statement of "each or all or any objections or facts stated in such answer," and because the said pleas "constituted no defense to the action."

The answer it will be noted pleaded that the work was not done within sixty days after the contract therefor became binding and took effect, as required by the ordinance, but long after the expiration of said sixty days, to-wit, five months.

Under the decisions of this court and the Courts of Appeals of this State, this answer stated a complete defense, unless the failure of defendants to file a statement of such failure to complete the work within the time specified in the contract, negatived the right to make such a defense.    [Neill v. Gates, 152 Mo. 585; Rose v. Trestrail, 62 Mo. App. 352; McQuiddy v. Brannock, 70 Mo. App. 535; Trust Co. v. James, 77 Mo. App. 616; Springfield v. Davis, 80 Mo. App. 574.]

We are thus brought to a construction of section 23, article 9 of the charter of Kansas City, 1889, which provides:

"Provided, however, that the owner or owners of any tract or parcel of real estate, or of any interest in such tract or parcel of real estate, shall, within sixty days from date of issue of the taxbills, file with the board of public works a written statement of each and all objections which he or they may have to the validity of such taxbills, the doing of the work, the furnishing of the materials charged for, the sufficiency of the work or the materials therein used and any mistake or error in the amount thereof; and in any suit on any taxbill issued pursuant to this section, no objection or objections to it shall be pleaded or proved other than those

that have been filed with the board of public works within the period aforesaid."

Defendants assumed two positions in the circuit court:

*First.* They insisted that this provision of the charter did not include or embrace objections (such as pleaded in their answer) which render the taxbill absolutely void, but such irregularity or informality only as the council might correct.

*Second.* If the charter should be construed to require an abutting proprietor, who had no lot or part in a proceeding in which his property was to be charged *in invitum,* and after such proceedings had ended, and before he had been summoned into a court having jurisdiction, to go before a board having no jurisdiction to hear and determine his defense and objections and there disclose in writing within sixty days after such proceedings had ripened into a taxbill, and state *"each and all objections* which he may have to the validity of such taxbills," and failing so to do he shall be forever barred from pleading in a court having jurisdiction to enforce such taxbill, any objection or objections which he has not so made and filed before such board, then such charter provision was unconstitutional, null and void, in that it attempts to take such proprietor's property without "due process of law," and in defiance of the Constitution both of this State and the United States.

Both of these contentions were ruled against the defendants.

The proposition that such a provision in a city charter can be sustained by the courts is a startling one and contrary to fundamental principles. As well said in the very satisfactory opinion of Judge ELLISON, in Richter v. Merrill, 84 Mo. App. 150: "A man who purposes taking some affirmative legal action himself may be required to do so within a limited time (as by statute of limitations) else he will be shut out of the courts. But that is altogether a different matter to that

of one who being passive, hearing he is to be assaulted by another for a thing already done by others, and for which he is not legally liable, is required to announce, *in advance,* his defense to the contemplated wrongful assault.   'The law does not compel any man who is *unassailed* to pay any attention to unlawful pretenses which are not asserted by possession or suit.' ' [Groesbeck v. Seeley, 13 Mich. loc. cit. 342-43-44.]"

In Spurlock v. Dougherty, 81 Mo. loc. cit. 183, this court said, "No law can compel one who has possession under claim of right, to take legal steps against an outstanding or opposing claim," and expressly approved and adopted the language of Judge CAMPBELL in Groesbeck v. Seeley, 13 Mich. 330, supra.   The Constitution of Missouri (section 30 of article 2) ordains "that no person shall be deprived of life, liberty or property without due process of law."   While the courts do not attempt to define in a few words what is meant by due process of law or its synonym, "the law of the land," but are disposed, as said by Mr. Justice MILLER in Davidson v. New Orleans, 96 U. S. 97, to ascertain "the intent and application of such an important phrase in the Federal Constitution, by the gradual process of judicial inclusion and exclusion, as the cases presented for decision shall require, with the reasoning on which such decisions may be founded," still, the definition most often quoted and approved is that given by Mr. Webster in the Dartmouth College Case, 4 Wheat. 518: "By the law of the land is most clearly intended the general law; a law which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial.   .   .   .   .   .   Everything which may pass under the form of an enactment is not therefore to be considered as the law of the land."   [Cooley, Const. Lim. (6 Ed.), p. 431.]

"Every citizen holds his life, liberty and property and immunities under the protection of the general rules which govern society."

Now it is a general rule of law in this State that the

Barber Asphalt Pav. Co. v. Ridge.

plaintiff must recover upon a cause of action existing at the commencement of his suit, but not so with the defendant.

He has the right to plead any defense existing at the time he is required to answer, and if some act or circumstance occurs even after the filing of his answer which would have constituted a defense had it occurred prior to filing his answer, he may, by leave of the court, avail himself of it by amended answer at any time prior to and often even during the trial, and the same is true if the knowledge of such defense first comes to him after the filing of his first answer. But by this charter provision the abutting property-owner is required to know in some cases four years prior to the commencement of an action against him, all the defenses which he proposes to make to a tax levied without his consent and to give the world a written statement thereof within sixty days after the taxbill is issued or be forever denied the privilege of using any defense of which he does not thus give notice.

Is it not too plain for discussion, that he is thus singled out from all other defendants and deprived of the protection of that general law which governs them? As said by Judge ELLISON in Richter v. Merrill, supra, "he is thus required to know in advance what may not develop for years, and the only safeguard would be for all property-owners (in like situation), as a precautionary measure, to make, at haphazard, all objections permitted and thus destroy the very object of the law as interpreted by counsel" for plaintiff, to-wit, "to make these taxbills first-class commercial securities, the validity of which should be incontrovertible after sixty days from date of their issuance, unless such objections are made known as in this charter provided."

No other first-class commercial paper enjoys such immunity as this. No maker of negotiable paper is required, sixty days after its issue, to file in some public office all the defenses present and prospective, which he proposes to make to

Vol. 169 mo—25

it in case of suit thereon; and, as said by the Court of Appeals, this provision not only cuts off defenses as against innocent holders for value, but prohibits them even against the original contractor. Numerous cases are cited by counsel, under statute, providing for notice and fixing a time for hearing in tax proceedings, but they are easily distinguished from this charter provision in this: they provide for the property-holder, after due notice, coming into a tribunal having jurisdiction to hear and determine his objections, but this charter makes no such provision. It is a bold, arbitrary requirement that he shall disclose his objections and defense to a public board which has no authority to consider his objections or grant him relief; a board, whose functions are not judicial, and before which his adversary, the holder of the taxbill, is not required to appear, or to submit to any judgment or direction which it might give, and he is required to file these objections, not in advance of the issuance of the taxbill, so that any illegality might be corrected before it goes into the hand of the innocent purchaser and investor, but after the whole tax proceeding has culminated in the issue of the taxbill, and probably after it has been negotiated. The charter of Kansas City was adopted by the qualified voters thereof in 1889, pursuant to authority given by section 16, article 9, of the Constitution of this State. By that section it is provided that "such charter shall always be in harmony with and subject to the Constitution and laws of this State."

The Constitution and laws of this State guarantee "that no person shall be deprived of life, liberty or property without due process of law."

In attempting to deprive an abutting property-owner of his right to plead a lawful defense to a suit to enforce the lien of a taxbill against his property because he had not filed a written statement of his defenses before the board of public improvements within sixty days after said taxbill was issued, the framers of the charter, and the people, who adopted it,

transgressed the lines marked out for them in the organic law of the State. It was an assumption by municipal action of the power to deprive the citizen and property-holder of his constitutional right of making his defense in a court of justice when summoned to do so and require him to take active steps to protect his property against an adverse and in this case an illegal claim before he was sued thereon.

This court has, on two occasions at least, denied this power to the Legislature of the State, and the charter rights of Kansas City can not exceed the power of the people of the State through their Legislature. [Mason v. Crowder, 85 Mo. 532; Spurlock v. Dougherty, 81 Mo. 171; Baker v. Kelley, 11 Minn. 494.]

It was, in effect, an attempt by means of a charter provision to transfer the property of the owner of the abutting land to the holder of the taxbill without an opportunity to be heard in a court of justice, the only place recognized by our Constitution and laws in which a man's property rights can be adjudged, and there, only, after he has been allowed his lawful defenses according to the general laws of the State. It was an attempt to do indirectly that which could not be done directly, to divest the owner of his property by a mere municipal decree; an attempt to exercise judicial functions, and a denial of the right which every person has in the courts of justice under section 10 of article 2 of the Constitution of this State.

We are clearly of the opinion that the city council had no authority to issue a valid taxbill for work which had not been done within the period prescribed by the ordinance under which it was required to be done, and to validate that which was void and incurable.

As the defendant's answer stated a good and valid defense, and as he could not anticipate that the court would strike out his answer, and as plaintiff had not pleaded said charter provision, the first opportunity defendant had to chal-

lenge the constitutionality of section 23 of article 9 of the charter was in his motion for new trial in which he specifically called the court's attention to the provision of the Constitution rendering said section void. We hold that he saved the constitutional question timely, and his appeal is properly before this court.

We have not deemed it necessary to discuss the proposition advanced by defendants that said charter provision might be held to apply to such objections as could be remedied by the city council because the answer in this case pleaded an objection to said taxbill which rendered it void and incurable.

The judgment of the circuit court is reversed and the cause is remanded to be proceeded with in accordance with the views herein expressed. *Sherwood, P. J.,* and *Burgess, J.,* concur.