MINNIE E. MERINE, Appellant, v. BARBER ASPHALT PAVING COMPANY, Respondent.

### Kansas City Court of Appeals, May 6, 1907.

TAXBILLS: Contract: Construction: Commencing Work. A contract for street improvement is held not to make the beginning of the work alone an essential element, but also the rate of progress and the time of completion, and since the completion was within the contract time the failure to commence the work and the contract time does not vitiate the taxbills.

Appeal from Jackson Circuit Court.—*Hons. Shannon C. Douglass* and *Henry L. McCune,* Judges.

AFFIRMED.

*John Muckle* and *Hayward & McLane* for appellant.

(1) There was no existing reason, when the contract was made, why the work embraced by it should not be commenced immediately, and the contract specified that the work should be commenced within ten days from the time the contract became binding and took effect, and made it an essential condition of the contract that the work should be commenced within said ten days. 7 Am. and Eng. Ency. of Law (2 Ed.), pp. 120, 121; Hilgert v. Paving Co., 107 Mo. App. 396; Neill v. Gates, 152 Mo. 585; Childers v. Holmes, 95 Mo. App. 155; Asphalt Co. v. Ridge, 169 Mo. 376; Rose v.

Trestrail, 62 Mo. App. 352; McQuiddy v. Brannock, 70 Mo. App. 535; Whittemore v. Sills, 76 Mo. App. 251; Deposit Co. v. James, 77 Mo. App. 616; Ayres v. Schmohl, 86 Mo. App. 355; Winfrey v. Linger, 89 Mo. App. 161; Orange Growers' Ass'n. v. Gorman, 161 Mo. 203; Trust Co. v. York, 81 Mo. App. 342; Davis v. Smith, 15 Mo. 467; Shouse v. Neiswanger, 18 Mo. App. 250; Hall v. School District, 24 Mo. App. 213; Brinkirhoff v. Elliott, 43 Mo. App. 185; Beatie v. Coal Co., 56 Mo. App. 221; Harrison v. Railroad, 74 Mo. 364; Schibel v. Merrill, 185 Mo. 534; Hund v. Rackliffe, 192 Mo. 312; Paving Co. v. Munn, 185 Mo. 571; Schoenberg v. Heyer, 91 Mo. App. 389. (2) The contract treated the time of beginning and the time of completion differently. This case does not, therefore, fall within the "reasonable time" rule referred to in Hilgert v. Paving Co., 107 Mo. App. 385, and in the cases cited on page 398 of that report.

*Scarritt, Scarritt & Jones* for respondent.

(1) It is not asserted or inferentially contended that the plaintiff was in any way damaged by defendant's omitting to tear up the street ten days before it did; nor is it asserted or contended that the work was not completed within the lawful time which the mayor and common council had fixed by ordinance for its completion. Hilgert v. Paving Co., 107 Mo. App. 400; Johnson v. Duer, 115 Mo. 378; Sheehan v. Owen, 82 Mo. 465. (2) Upon consideration of the entire public improvement proceeding, consisting of the ordinance, contract, specifications and guaranty bond, the time of commencement of the work will be held not to be of the essence of the defendant's undertaking. Allen v. Labsap, 188 Mo. 692; Heman v. Gillman, 171 Mo. 258; Construction Co. v. Loevy, 179 Mo. 455; Hund v. Rackliffe, 192 Mo. 323; Jenkins v. Stetler, 118 Ind. 275. (3) It is the established rule in this State that a substantial com-

pliance with public improvement contracts is all that
is required to impose an obligation on property owners
benefited by those improvements to pay the contract
price. This has been held to be the rule as to time of
completion. Boulton v. Kolkmeyer, 97 Mo. App. 530;
Cole v. Skrainka, 105 Mo. 303; St. Joseph v. Anthony,
30 Mo. 538; Sheehan v. Owen, 82 Mo. 458; Stephen v.
Fox, 124 Mo. 630.

BROADDUS, P. J.—This is a suit in equity to set
aside as a cloud upon plaintiff's title to lot one, Ma-
rine's Second Addition to Kansas City, Missouri, a tax-
bill for $862.25, dated January 29, 1902, payable in
four annual installments, issued by the board of public
works of said city, to the Barber Asphalt Company, for
the paving of Broadway, a public street, from the south
line of Thirty-fifth street west of Broadway to the north
line of Thirty-sixth street west of Broadway. In the
petition the taxbill was alleged to be void for various
reasons, but only one of them is in issue on this appeal.

Judge Shannon C. Douglass, before whom the case
was tried, without passing upon the other grounds re-
lied on by plaintiff, held that the taxbill was void for
the reason; "That the time of beginning of the work
for which said taxbill was issued was an essential con-
dition of the contract, and that said work was not com-
menced within the time specified and the contract there-
by became forfeited, and defendant had no authority
to begin the work after the expiration of the time so
specified which was made an essential provision in the
contract." The defendant filed a motion for a new trial
which was not heard during Judge Douglass' term of
office. Judge McCune, his successor, in office, sustained
said motion and granted defendant a new trial and the
plaintiff appealed. The only issue before us is whether
the time within which the work of the defendant was
to commence was an essential provision of the contract.

125 App—40

The time, within which the work was to commence, was not fixed by the ordinance providing for the street improvement; the ordinance confirming the written contract, provided that the work should "be executed according to the plans and specifications mentioned in said contract and that said contract be and the same is hereby confirmed." The specifications in the contract in reference to that matter are as follows: "Work to be commenced within ten (10) days from the time contract binds and takes effect, and all the work completed to the satisfaction and acceptance of the city engineer within two months from the date of the confirmation of this contract. Working days to include all days, excepting only Sundays and legal holidays." Section 6 of the general specifications in the contract provides as follows: "The work embraced in this contract shall be begun within ten (10) days after this contract binds and takes effect, and shall be prosecuted regularly and uninterruptedly thereafter with such force as to secure its full completion within two (2) months from the date of its confirmation; the time of beginning, rate of progress and time of completion being essential conditions of this contract. If the contractor shall fail to complete the work within the time above specified, an amount equal to the sum of ten (10) dollars per day for each and every day thereafter, until such completion, shall be deducted as liquidated damages for such breach of this contract from the amount of the final estimate of said work."

And the contract further provides: "The days work on this contract lost in consequence of injunction or court proceedings, bad weather, grading, curbing, trenching, by other contractors, corporations or individuals over whom the party of the first part has no control . . . shall be added to the number of days specified in this contract within which the work shall be completed. No allowances will be made for addition-

al time for the completion of this contract unless the contractor shall be delayed or restrained from prosecuting the work, or any or every part thereof, or unless the time is extended by the passage of an ordinance by the common council for the number of days stated in such ordinance." "If the work embraced in this contract be not begun within ten days after this contract binds and takes effect, and prosecuted regularly and uninterruptedly thereafter in accordance with the terms and provisions thereof (unless the city engineer shall specially direct otherwise in writing) with such force as to secure its full completion within two months from the date of its confirmation, they will pay to Kansas City the sum of eleven hundred and ninety-seven dollars as liquidated damages for such breach of the contract."

An ordinance of the city was passed on September 23, 1901, approving said contract. On November 8, 1901, the time for the completion of the work under the contract was extended by ordinance of the city to December 23, of that year. Section 2 of this ordinance provides that, "All ordinances or parts of ordinances are, insomuch as they are in conflict with this ordinance hereby repealed." It was admitted at the trial that the work was completed within the time fixed by the ordinance in question extending the time to December 23. The evidence was that the work was not commenced until October 16, 1901, about ten days after the time required by the specifications which were made a part of the contract. The defendant's excuse for not beginning the work within the time provided by the contract was, that there was a street railway track in the street below grade and for that reason it could not pave up to said tracks, its contract only requiring the paving up to said tracks, and that its agent within the time provided went to the engineering department of the city in reference to the matter, when he was told that that

department would have the railway company to raise its tracks, and for defendant not to do any work until such tracks were raised; that the railway company failed to raise its tracks and that the city engineer told him to put in a two inch oak plank as a header and go on with the work, which was done.

It is very generally held that where time is of the essence of a contract in cases of this character a failure of the contractor to comply with the contract in that respect renders the taxbill void. [Rose v. Trestrail, 62 Mo. App. 352; McQuiddy v. Brannock, 70 Mo. App. 535; Whittemore v. Sills, 76 Mo. App. 248; Safe Deposit & Trust Co. v. James, 77 Mo. App. 616; City of Springfield to use v. Davis, 80 Mo. App. 574; Neill v. Gates, 152 Mo. 585; Ayres v. Schmohl, 86 Mo. App. 349; Winfrey v. Linger, 89 Mo. App. 159; Schoenberg v. Heyer, 91 Mo. App. 389; Asphalt Paving Co. v. Ridge, 169 Mo. 376; Childers v. Holmes, 95 Mo. App. 154.] All these cases have been reviewed in a recent case of the Supreme Court by BRACE, Judge, Heman v. Gilliam, 171 Mo. 258. We will not attempt to review the opinion of the learned judge, but only refer to the language used that has special application to this case. In speaking of one of the decisions referred to the opinion reads: "With the reasoning of the opinion in that case we have no fault to find. The fault is in the application of the reasoning to the facts of the case. If the contract in that case had fixed a certain and definite time within which the work must have been completed at all events, then the conclusion reached that the taxbills were invalid would follow. But the argument leaves entirely out of view the qualifying provision as to time in that contract, similar to the one in the contract of the case at bar, by which the time within which the work was to be completed was rendered indefinite, as we have seen. It is true a time within which the work was to be completed was specified in the contract, but in im-

mediate connection therewith it was also specified that if not completed within that time, the contractor should suffer a forfeiture, not of all his pay under the contract, as would have been the case but for that provision, but only of a certain portion thereof. The contract contemplated that the work might not be completed within the time stated, and made provision for such a contingency, and upon its happening, for an extension of such time upon terms. All that the ordinance required was that the work should be completed within a reasonable time. All that the contract required was that the work should be completed within a stated time, or in case it was not completed within that time that certain deductions should be made from the moneys payable under the contract as therein stated. Although the contractor may not have completed the work within the time stated in the contract, yet if he completed the work within a reasonable time the ordinance was complied with . . . The same principle is announced in Schibel v. Merrill, 185 Mo. 534; Allen v. Labsap, 188 Mo. 692; Heman Construction Co. v. Loevy, 179 Mo. 455; Hund v. Rackliffe, 192 Mo. 312.

This case falls within the rule of the cases last cited without it be that the failure of the defendant to commence the work within the time provided by the contract renders the taxbills void. The contract provides for a penalty, as we have seen, if the work is not completed within the time therein fixed, but does not in so many words provide for such penalty in the event the work is not commenced within the time so fixed. But if the time for the completion of the work be indefinite as held in the cases cited, there is no good reason to be assigned why the time of the beginning of the work is not also indefinite. If the construction placed on the contract that the time for the completion of the work was a reasonable time, it would necessarily follow that the time of its beginning would also be a reasonable

time. The contract does not make the time of the beginning of the work alone an essential element, but the language of the instrument is "the time of beginning, rate of progress and time of completion being essential conditions of this contract." And further: "If the contractor shall fail to complete the work within the time above specified . . .," that is, from the date fixing the time for beginning of the work to the date fixed for its completion, a penalty is imposed. And again: "And said parties of the second part hereby agree with Kansas City that if the work embraced in this contract be not begun in within ten days after this contract binds and takes effect, and prosecuted regularly and uninterruptedly thereafter . . . as to secure its completion within two months from the date of its confirmation, they will pay to Kansas City the sum of eleven hundred and ninety-seven dollars as liquidated damages for a breach of this contract." The time of beginning and the time of the completion of the work constituted the essential element of the contract and not the time of the beginning alone. The action of the court in granting a new trial is affirmed. All concur. *Ellison J.,* in the result.