BYRNE REAL ESTATE COMPANY, Plaintiff, Respondent, v. J. E. WELSH, Kansas City, Missouri, and BEN JAUDON, Defendants; J. E. WELSH, Appellant.*

In the Kansas City Court of Appeals, February 11, 1924.

1. MUNICIPAL CORPORATIONS: Ordinances: Contracts: Contract Held to Require Completion of Work Within Reasonable Time. A contract for paving a city street made a part of an ordinance authorizing the commencement and completion of the work within

120 working days and imposing a penalty for failure to complete the work within the time designated, *held* in the absence of requirement by city ordinance that work should be completed within a definite time, the time of beginning not being the essence of the contract, completion of work within a reasonable time was sufficient.

2. ———: ———: ———: **Work Done under Contract after Several Extensions of Time Held to Have Been Commenced Within a Reasonable Time.** Under Article 8, section 3, page 313, of the Charter of Kansas City, 1908, providing city shall have power by ordinance for any good cause to extend time of beginning or completion of work under any contract, and making ordinance extending time conclusive evidence of existence of good cause therefor, a contract entered into between city and defendant on September 16, 1919, for paving street to be completed within 120 working days thereafter, the time for completion being extended by subsequent ordinances, *held* commencement of work four days prior to completion thereof, on the 13th day of October, 1920, was within a reasonable time.

3. ———: ———: ———: **Monday Following Columbus Day, Which Fell on Sunday, Considered as a Legal Holiday and Not as ''Working Day'' Within Contract Requiring Work to be Done in 120 Working Days.** Where contract for paving a city street was to be completed within 120 "working days," in determining whether extension ordinance was passed within 120 "working days" *held* under sections 5848 and 5849, Revised Statutes 1919, that Monday following Columbus day, which fell upon Sunday, must be considered as a legal holiday and not as a "working day."

---

*Headnote 1. Municipal Corporations, 28 Cyc, p. 1053; 2. Municipal Corporations, 28 Cyc, p. 1054; 3. Holidays, 29 C. J., Section 2.

Appeal from Circuit Court of Jackson County.—*Hon. Allen C. Southern*, Judge.

REVERSED AND REMANDED.

*Griffin & Orr* for respondents.

*Clarence S. Palmer* for appellant.

BLAND, J.—This is a proceeding in equity to obtain the cancellation of certain tax bills issued to the

appellant by Kansas City, Missouri, for paving Twenty-first Street from Wyandotte Street to Central Street in said city. The court found the issue in favor of defendants but sustained plaintiff's motions for a new trial and in arrest of judgment. Defendant Welsh has appealed.

The facts show that on August 12, 1919, the Board of Public Works adopted a resolution providing for the paving of the street in question, the work to conform to the plans and specifications to be thereafter adopted. On September 12, 1919, the plans and specifications for said work were drawn up and adopted by the Board of Public Works. On September 16, 1919, a contract for the doing of the work was entered into between the city and the defendant Welsh and his sureties. On October 4, 1919, an ordinance of the city for the doing of the work was passed. On February 28, 1920, the work not having been begun, an ordinance was passed extending the time for the completion of the work to the first of July, 1920. On June 21, 1920, another ordinance was passed extending the time for the completion of the work to September 15, 1920, and on September 10, 1920, a third ordinance extending the time for the completion of the work to November 15, 1920, was passed. The work was completed on October 13, 1920, it having been started four days prior to that time.

The plans and specifications provided as follows:

"Time. Work shall be commenced and shall be completed to the satisfaction and acceptance of the Board of Public Works within *One Hundred & Twenty* (120) (..........) working days after the date contract becomes binding. Working days to include all days, excepting only Sundays and legal holidays and such days as are excepted in the contract.

"Liquidated Damages. In case the Contractor shall fail to complete all the work herein contemplated, in accordance with the terms of these specifications, within *One Hundred & Twenty* (120) (............) working days as aforesaid, the Board of Public Works shall de-

duct from the aggregate amount due according to the consideration of the contract an amount equal to ten ($10) dollars per day for each and every working day after said *One Hundred & Twenty* (120) days that the work is not completed as aforesaid as liquidated damages."

The contract for the doing of the work provides as follows:

"Detention. No additional time to that stated in the specifications hereto attached for the beginning or completion of the work shall be allowed except for reasons that shall appear sufficient to the Common Council, in which case the additional time to be allowed shall be fixed by an Ordinance of the City, after being approved by the Board of Public Works."

The contract also provided that the plans and specifications were made a part of the contract. It further provided:

"The working days on this contract lost in consequence of injunction or court proceedings, bad weather, grading, curbing, trenching, or by other contractors, corporations or individuals, over whom the party of the first part has no control, or organized general strikes, or burning of any plant where the material of this contract is manufactured or made, shall not be held to be working days, and shall be added to the number of days specified in this contract within which work shall be completed."

It further provided—

"And the said parties of the second part hereby further agree with Kansas City that if the work embraced in this contract be neither begun nor completed within the period stated in the specifications hereto attached they will pay to Kansas City the sum of Three Hundred and Sixty ($360) dollars as liquidated damages for such breach of this contract."

The ordinance providing for the doing of the work does not mention any time for the beginning and com-

pletion of it but refers to the contract and specifications and provides that the work should be done according to them and they are made a part of the ordinance by reference.

It is insisted by plaintiff that the tax bills are void for the reason that the work was not completed by the time fixed by the ordinance, that the first extension ordinance passed on February 28, 1920, was too late, being passed one hundred and twenty-one (121) working days after the time for the commencement and completion of the work mentioned in the contract; that the tax bills are void because said extension ordinance, even if passed in time, extends the time for the *completion* of the work and not for the *beginning* thereof. Defendant Welsh contends that there was no time fixed for the beginning of the work, and that the first extension ordinance giving additional time for the completion of the work having been passed within 120 working days after the date that the contract became binding, and thereafter the time having been properly extended by other ordinances and the work having been completed within the time so extended, the tax bills are valid.

The charter of Kansas City relating to public improvements provides—

"The city shall have power, by ordinance, for any good cause, to extend the time of the beginning or of the completion of the work under any such contract, and an ordinance of the city purporting to extend the time therefor shall be conclusive evidence of the existence of good cause for such extension." [Sec. 3, Art. 8, p. 313, Charter of Kansas City, 1908.]

It will be noted that although the specifications included in the contract provide that the work shall be commenced and shall be completed within 120 working days after the date the contract becomes binding, it also provides for a penalty of $10 a day for each day that the work is not so completed, as liquidated damages. In the leading case of Heman v. Gilliam, 171 Mo. 258, it was held that a contract for the performance of work in the

way of a street improvement which first specified a definite time for the completion of the work, followed by a penalty clause for the failure to complete it within the time designated, in the absence of a requirement by ordinance of the city that the work shall be completed within a definite time, may be complied with by the performance and completion of the work within a reasonable time. In other words, that time is not the essence of a contract in that form in the absence of an ordinance fixing a definite time for the completion of the work. In the case at bar the contract is made a part of the ordinance and it necessarily follows from the reasoning of the case just cited that if the penalty clause is found in the ordinance itself, it merely requires the completion of the work within a reasonable time.

In Merine v. Paving Co., 125 Mo. App. 623, the contract and specifications referred to in the ordinance provided as follows:

" 'The work embraced in this contract shall be begun within ten (10) days after this contract binds and takes effect, and shall be prosecuted regularly and uninterruptedly thereafter with such force as to secure its full completion within two (2) months from the date of its confirmation; the time of beginning, rate of progress and time of completion being essential conditions of this contract. If the contractor shall fail to complete the work within the time above specified, an amount equal to the sum of ten (10) dollars per day for each and every day thereafter, until such completion, shall be deducted as liquidated damages for such breach of this contract from the amount of the final estimate of said work.' "

The contract in that case as in this provided for days not to be counted including lost days in consequence of injunctions, bad weather, grading, curbing and trenching by other contractors, etc. That contract also contained a provision that if the work be not begun within ten days and not be prosecuted regularly and uninterruptedly thereafter with such force as to secure its full performance within two months from the date of its

215 Mo. Sup.—42.

confirmation, the contractor should pay Kansas City the sum of $1179 liquidating damages, a similar provision to the one on the subject found in the contract in the case at bar. In that case, as in this, the time for the completion of the work under the contract was extended by ordinance and the work was actually completed within the time so extended, but the time for the beginning of the work was not extended and the work was not begun within ten days after the contract took effect. In that case the court said, l. c. 629, 630—

"The contract provides for a penalty, as we have seen, if the work is not completed within the time therein fixed, but does not in so many words provide for such penalty in the event the work is not commenced within the time so fixed. But if the time for the completion of the work be indefinite as held in the cases cited, there is no good reason to be assigned why the time of the beginning of the work is not also indefinite. If the construction placed on the contract that the time for the completion of the work was a reasonable time, it would necessarily follow that the time of its beginning would also be a reasonable time. . . . The time of beginning and the time of the completion of the work constituted the essential element of the contract and not the time of the beginning alone."

The facts in the case at bar make it a case much stronger for defendants herein than the facts in the Merine case make it for defendant therein, for the reason that the contract in that case provided that "the time of beginning, rate of progress, and time of completion" are "essential conditions of this contract." The contract in the case at bar contains no such language, or any words of similar import, it merely states that the work "shall be commenced and shall be completed . . . within one hundred & twenty (120) working days after the date contract becomes binding," and says nothing about time being the essence of the contract.

Under the ruling of the case of Merine v. Paving Co., supra, we must hold that the time of the beginning

of the work was not the essential element of this contract but if time was the essence, it was the time of the beginning and the time of the completion of the work under the contract. All that was required under the contract in the case at bar was that the work be commenced within a reasonable time. What then was a reasonable time for the beginning of the work? The evidence shows that it required but four days to complete the work after it was begun. The council properly extended the time for the completion of the work and the work was completed within the extended time. Under the provisions of the charter these extension ordinances are conclusive evidence of the existence of good causes for the extensions. It appears that this was a proceeding to pave but one block. This block had business houses upon it and was already paved and in use. What reason would there be in requiring the contractor to start the repaving of the street, possibly resulting in the tearing up of the old paving and thus inconveniencing the public, prior to four days (the time required to do the entire work) before the completion of the work? We think the work was commenced under the circumstances within a reasonable time.

Had the facts in this case been similar to those in Parker-Washington Co. v. Field, 239 S. W. 569, decided by this court, we would hold otherwise, but in that case there was no penalty clause, such as the one existing in the case at bar, the contract providing definitely that the work should be commenced within twenty calendar days after the contract was confirmed and should be completed within sixty days after that time. The contract under consideration in the case of Parker-Washington Co. v. Field, supra, having provided for a definite time for the completion of the work, the time for the commencement of the work was material. To paraphrase what was said in Merine v. Paving Co., supra, l. c. 629, "if the time for the completion of the work be definite, . . . there is reason to be assigned why the time for the beginning of the work is also definite." In the Parker-Washington

case we held that as the extension ordinance provided only for additional time for the completion of the work, it was not sufficient to extend the time for the beginning of the work. The cases of Barber Asphalt Co. v. Ridge, 169 Mo. 376; Neill v. Gates, 152 Mo. 585, and Barber Asphalt Co. v. Munn, 185 Mo. 552, cited by plaintiff, were cases where the contract either had no penalty clause or such clause contained therein was void on account of being inconsistent with the terms of the ordinance, are therefore, not in point.

There is a dispute between the parties as to whether the first extension ordinance was passed within the 120 working days mentioned in the contract. It is admitted by plaintiff that if Columbus Day which fell upon Sunday was to be observed the following Monday as those holidays mentioned in section 5848, Revised Statutes 1919, are to be observed under the circumstances, that the ordinance was passed in time, but if this day is to be included in the computation of the one hundred and twenty days, it is contended that the first extension ordinance was passed one day too late. Section 5848, Revised Statutes 1919, provides as follows:

"The following days, namely, the first day of January, the twenty-second day of February, the thirtieth day of May, the fourth day of July, the first Monday of September, any general primary election day, any general state election day, any thanksgiving day appointed by the president of the United States or by the governor of this State, and the twenty-fifth day of December, are hereby declared and established public holidays; and when any of such holidays falls upon Sunday, the Monday next following shall be considered such holiday." This section was amended in 1921 to include Armistice Day (See Laws of 1921, p. 400.) Section 5849, Revised Statutes 1919, provides as follows:

"The 12th day of October of the present year of our Lord 1909, and the 12th day of October of each year, thereafter, is hereby declared a public holiday, to be known as 'Columbus Day,' and the same shall be recog-

nized, classed and treated as other legal holidays under the laws of this State; Provided, that this section shall not be construed to affect commercial paper, the making or execution of agreements or instruments in writing or interfere with judicial proceedings.''

Section 5851, Revised Statutes 1919, referring to Lincoln Day occurring on February 12th, is similar to section 5849. It will be noted that in section 5849, referring to Columbus Day, it is not stated in so many words that should Columbus Day fall upon Sunday the Monday next following shall be considered such holiday as is provided in section 5848 in reference to the holidays mentioned in that section. However, section 5849 does provide that Columbus Day ''shall be recognized, classed and treated as other legal holidays under the laws of this State.''

Plaintiff cites 29 C. J., p. 762, which provides as follows:

''Where a holiday designated by statute falls on Sunday, the following Monday is not a holiday in the absence of express statutory provision to that effect.''

We have no complaint to make of the rule stated in 29 C. J., but we think that by construing sections 5848 and 5849 together it is provided by our statutes that when Columbus Day falls upon Sunday the Monday next following shall be considered that holiday. It will be noted, as stated before, that section 5849 states that ''Columbus Day shall be recognized, classed and treated as other legal holidays under the laws of this State.'' This section of the statutes was passed in 1909 (See Laws of 1909, p. 127), long after the original enactment of section 5848 covering general holidays. Section 5848 was first enacted in a somewhat different form in 1877 (Laws of 1877, p. 37) and appears in an amended form in the revision of 1879 (Sec. 551, R. S. 1879) and has been carried in the various revisions since then, and amended from time to time. [See Sec. 737, R. S. 1889, Laws of 1895, p. 47; Sec. 461, R. S. 1899; Laws of 1909, p. 127; Sec. 6701, R. S. 1909, Sec. 5848, R. . 1919.] It is apparent that

when section 5849 refers to other legal holidays it refers to the general holidays theretofore existing and mentioned in section 5848 and says that Columbus Day shall be recognized, classed and treated as the holidays mentioned in said last-mentioned section. · This is broad language and if we give it full meaning, we must construe it as providing that if Columbus Day falls on Sunday the following Monday shall be considered the holiday, precisely as those holidays mentioned in section 5848. Apparently the only distinction sought to be made in the law between section 5848 on the one hand and sections 5849 and 5851 on the other is that holidays provided in the latter two sections "shall not be construed to effect commercial paper, the making or execution of agreements or instruments in writing or interfere with judicial proceedings." [See sections 871 and 983, R. S. 1919.] It is, therefore, our conclusion that the Monday of October 13, 1919, was Columbus Day and a holiday under the laws of Missouri and should not be counted in the 120 days in which the contract provided the work should be completed, and that the first extension ordinance was passed in time.

From what we have said, there having been no valid objection made to the validity of the tax bills in question, the trial court properly rendered judgment in favor of the defendants and erred in sustaining plaintiff's motion for a new trial. The judgment is therefore reversed and the cause remanded with directions to the trial court to set aside his order granting a new trial and to reinstate the judgment in favor of the defendant. All concur.