CITY OF SPRINGFIELD to use of STAHL & GRAVES, Respondents, v. GEORGE F. DAVIS et al., Appellants.

St. Louis Court of Appeals, May 16, 1899.

**Special Tax Bill:** CITY OF THIRD CLASS: ORDINANCE: TIME. In the case at bar there is a general ordinance specifically providing that the work must be completed within the time fixed in the contract. Held, that at the time the sidewalk was built the contract for its construction was not in force.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

REVERSED.

GIDEON & GIDEON for respondents.

The answer admits the necessity for the walk and that the ordinance was not unreasonable or oppressive and appellants

City of Springfield to use v. Davis.

will not be heard to aver against their answer, or try to disprove its admissions or effect. Bruce v. Sims, 34 Mo. 246; Donan v. Print. & Pub. Co., 70 Mo. 168-175; Wilson v. Albert, 89 Mo. 537-546. The city authorities, and not the courts, are the judges of the necessity of improvements for street purposes. Sec. 8 of art. 2, chap. 13, of the Revised Ordinances of the city of Springfield, introduced by plaintiffs; acts of 1893, sec. 110, p. 92, cities of the third class. Simpson v. Kansas City, 111 Mo. 237; and authorities cited. The general ordinances of the city do not fix the time in which the work should be done after entering into the contract, without that the time fixed in the contract is not of the essence of the contract, it is merely directory, and unless the ordinance for the construction of the walk fixes the time, there is nothing to show that time was of the essence of the contract, and the burden was on appellants to make this showing. The act of 1893 makes the special tax bill *prima facie* evidence of the regularity of the proceedings, and it devolved on appellants to show that the resolution, or ordinance, authorizing the work to be done, fixed the time of its completion. Acts of 1893, sec. 113, p. 93; Carlin v. Cavender, 56 Mo. 286; Rose v. Trestrail, 62 Mo. App. 352.

JOHN SCHMOOK for appellants.

The court erred in holding that time was not of the essence of the contract, and that plaintiff's failure to do and complete the work in question, within the sixty days stipulated, and in fact not until the first of May, 1897, does not affect their right to recover on the tax bill. Rose v. Trestrail, 62 Mo. App. 352; McQuiddy v. Brannock, 70 Mo. App. 535; Ternay v. Dougherty, 53 Cal. 621; Beverage v. Livingston, 54 Cal. 57.

BIGGS, J.—The firm of Stahl & Graves, to whose use this suit is prosecuted, are the holders of a special tax bill

issued by the city of Springfield, a city of the third class, for the construction of a sidewalk in front of a lot owned by the defendants. The improvement was ordered on the petition of the requisite number of citizens. Stahl & Graves were the lowest bidders for the work. The contract subsequently entered into between them and the city provided that the sidewalk should be completed within sixty days after said contract went into effect, whereas the work was not commenced and completed until about six months thereafter. The' defendants pleaded this default in defense of the action. Another defense was that the sidewalk was so situated as to render it unnecessary. It was averred that the walk was located near the limits of the city in a sparsely settled neighborhood; that no one lived beyond its north end; that it was entirely disconnected from any other sidewalk; that it served no public purposes; that the ordinance provided for its construction was enacted for the fraudulent purpose of enhancing the value of some property belonging to a member of the city council and situated in the neighborhood of defendants' lots, and for these reasons defendants claimed that the ordinance was unreasonable, oppressive, fraudulent and void. As to this defense the court excluded all testimony offered in support of it, holding that the municipal authorities were the sole judges of the necessity of the improvement, and that it was not within the province of the courts to decide whether it was reasonable or unreasonable. Concerning the first defense the court at the request of the parties made the following special findings of fact and its conclusions of law therefrom, to wit: "That the contract for the construction of the sidewalk was duly awarded by said city council, by ordinance, to plaintiffs on the 1st day of December, 1896; that on the 21st day of December, 1896, plaintiffs entered into a written contract with said city for the construction by them of said walk; that by the terms of said

contract said work of constructing said walk was to be done and completed by plaintiffs within sixty days from the date on which said contract went into force and effect; that said contract went into force and effect on said 21st day of December, 1896; that said contract was the only one ever let or awarded by said city for the construction of said walk; that said contract was never extended or revived; that said work was not completed until the 1st of May, 1897. I hold that the time fixed and stated in said contract within which the work of constructing said walk was to .be completed is not of the essence of the contract, and that plaintiffs failure to comply with said contract in that respect does not render the tax bill in suit invalid." Thereupon the court sitting as a jury found the issues for the plaintiffs and entered judgment for the amount of the tax bill. The defendants appeal and complain of the action of the court in excluding evidence offered by them in support of the second defense, and they object to and dissent from the legal conclusions of the court as to the first defense.

The special ordinance authorizing the contract with Stahl & Graves of date December 1, 1896, does not appear in the abstracts. It is stated in the briefs of respondent that the ordinance did not provide for the completion of the work within any stated time. However the contract does not provide as found by the court. The defendants read in evidence a general ordinance of the city (secs. 4 and 6, art. 1, chap. 13, Rev. Ord., City of Springfield), which provides (section 4) as follows: Every person to whom any public work or improvement mentioned in this chapter, is awarded, shall without delay, enter into a written contract with said city to do and complete the same according to the plans, specifications and ordinances within the time agreed upon," etc.

It must be conceded that if the time mentioned in the contract in question for the completion of the work was of the essence of the contract, then the contract was not in force at

the time the work was done, and the tax bill issued therefor is
absolutely void.   This question has been discussed both by the
supreme court (Carlin v. Cavender, 56 Mo.
ESSENCE of the      286), and by the Kansas City Court of Appeals
contract.
(Rose v. Trestrail, 62 Mo. App. 352; Mc-
Quiddy v. Brannock, 70 Mo. App. 535).   In the Carlin-
Cavender case the work was not completed within the time
limited by the contract.   Neither the special ordinance for the
work, nor the general ordinances of the city provided when the
improvement should be completed.   The special ordinance
merely directed the engineer to cause the work to be done.
The defendant contended that this meant immediately, and
that so construing the ordinance in connection with the con-
tract, it was apparent that the time provided in the contract
for the completion of the work was of the essence of the con-
tract and was so intended.   This contention was denied by the
supreme court.   The court held that a fair construction of the
ordinance left the time for the completion of the work to the
discretion of the engineer, and that it appeared that the en-
gineer for prudential reasons had suspended the work, thereby
causing the delay, the validity of the tax bill was upheld.
The difference between that case and this is that here a general
ordinance of the city provides that all such work must be per-
formed "within the time agreed upon," that is within the time
specified in the contract.   This tends to show that it was the
intention to provide for a definite and specific time for the
completion of the work.

In the Rose-Trestrail case, *supra*, both the special ordi-
nance and the contract provided that the work should be com-
pleted within thirty days from the time the contract took
effect.   The work was not commenced until ninety days after
the contract took effect.   It was held by a course of reasoning
which we believe to be sound, that the time for the completion
of the work was of the essence of the contract, and that as
this provision had not been substantially complied with the

tax bills were void. It is impossible for us to distinguish on principle that case from this. In that case there was a special ordinance specifically fixing the date for the completion of the work. Here there is a general ordinance specifically providing that the work must be completed within the time fixed in the contract. If a legal distinction can be

TIME fixed in
contract.

drawn upon these facts we have been unable to grasp it. We think there is none, and therefore hold that at the time the sidewalk was built the contract for its construction was not in force. It becomes unnecessary to pass on the other question. However we will call attention to the recent decision of the supreme court in the case of Skinker v. Heman, reported in the Southwestern Reporter, vol. 49, No. 7 (March 27, 1899), page 1026.

The judgment of the circuit court will be reversed. All concur.