CALEB WINFREY, Appellant, v. ABEL LINGER, Respondent.

89   159
95   [1]158
171s  [1]267
d[1]71s[1]268

Kansas City Court of Appeals, May 6, 1901.

1. **Taxbills**: STREET IMPROVEMENTS: CONTRACT COMPLETED WITHIN THE TIME. Where the paving of a street is not completed within the time limited by the contract, a taxbill issued therefor is void.

2. ——: ——: OBJECTIONS. Where a taxbill is void, the property-owner is not required to file objections stating his defense.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

AFFIRMED.

*W. P. Borland* and *C. O. Tichenor* for appellant.

(1) The defense was that the contract was not completed within the time fixed. But there was substantial compliance, and that was all that was necessary. Time here was not of the essence of the contract. (2) The provisions of the charter on the subject are clear and imperative that the lot-owner, if he wishes to dispute the taxbills, must within sixty days after their issue, file with the board of public works a written statement of each and all objections, and that "no objection or objections shall be pleaded or proved, other than those which have been filed." No objection was filed. If this law be invalid, it must be because it violates something in the Constitution, Federal or State, and it ought not to be repealed by construction. Laws are held valid which require, in accident cases, the filing of notice within a limited time, of time and place where accident happened, the claimant losing his right of action in case of failure. Wentworth v. Town, etc., 60 Wis. 282; Savory v. City, 132 Mass. 324; Harder v. Minneapolis, 40 Minn. 446; Cuculla v. Hernandez, 103 U. S. 113; Pritchard v. Norton, 106 U. S. 129; Pryor v. Kansas City, 153 Mo. 135; Water Co. v. City, 136 Mo. 498; Bishop on Contr., sec. 94; Trust Co. v. Donnell, 81 Mo. App. 150.

*Milton Moore* for respondent.

(1) There could be no recovery on this taxbill, and the trial court properly overruled the instructions asked by the

appellant and properly found for the defendant. Rose v. Trestrail, 62 Mo. App. 352; McQuiddy v. Brannock, 70 Mo. App. 535; Whittenmore v. Sills, 76 Mo. App. 248. , (2) Upon the assumption that the taxbill sued on was invalid because of the failure to complete the contract in the time required, was the defendant called upon to file with the board of public works a written statement of his objections to such taxbills within sixty days after their issue? This question has been answered in an exhaustive opinion of this court in the case of Richter v. Merrill, 84 Mo. App. 150; Mason v. Crowder, 85 Mo. 532.

ELLISON, J.—This is an action on a special taxbill against real estate in Kansas City, Missouri. The judgment in the trial court was for defendant.

The case consists of two propositions. First, that notwithstanding the paving for which the taxbill was issued was not done within the time limited by the contract, yet the bill is valid. That proposition has been so often decided to the contrary we will not now again go over the question. Neill v. Gates, 152 Mo. 585; McQuiddy v. Brannock, 70 Mo. App. 535; Rose v. Trestrail, 62 Mo. App. 352; Whittemore v. Sills, 76 Mo. App. 248; Trust Co. v. James, 77 Mo. App. 616.

The second proposition is that notwithstanding the invalidity of the taxbill, yet, since the defendant failed to file his objections thereto stating what defense he purposed making in the event of a suit thereon, within sixty days after the issue (as required by section 23, article 9, Charter) he can not now be heard. That proposition has likewise been directly decided against appellant. Richter v. Merrill, 84 Mo. App. 150.

There is no merit in the appeal and the judgment will be affirmed. All concur.