HEMAN et al. v. GILLIAM et al., Appellants.

Division One, December 24, 1902.

1. **Tax Bill**: ALTERATION OF DESCRIPTION: GENERAL AND PARTICULAR. Where a part of the description of land mentioned in a special tax bill is general, obscure and indefinite, and is immediately followed by a particular, definite and correct description of the lot charged with the tax, the particular description will control, and an attempted alteration of the general description is immaterial.

2. ———: FRONT FOOT CHARGE: CONSTITUTIONALITY. The charging of the cost of paving a street against abutting property according to the front foot rule is not only not violative of either the State or Federal Constitution, but the constitutionality of that rule is no longer an open question.

3. ———: ALLEYS: COST OF PAVING. Under a charter providing that "the grading of new streets, alleys and the making of cross-walks, and the repairs of all streets and highways and cleaning of the same, and of all alleys and cross-walks, shall be paid out of the general revenue of the city; and the paving, curbing, guttering, sidewalks, and the material for the roadways, the repairs of all alleys and sidewalks, shall be charged upon the adjoining property as a special tax," the city has authority to charge the cost of paving alleys against the adjoining property. This clause means that the cost of paving roadways is to be charged against the adjoining property, and alleys, streets and highways are roadways, as therein used.

4. ———: CONTRACT: COMPLETION: TIME LIMIT: ORDINANCE. Where the ordinance under which a public improvement is made does not require the work to be complete within a specified time, it will be held to require it to be completed within a reasonable time.

5. ———: ———: ———: TIME LIMIT FIXED BY CONTRACT. Although the ordinance may not specify the time within which the work under a contract for public improvement is to be completed, yet if the contract fixes a reasonable time therefor it follows the ordinance.

6. ———: ———: ———: ———: PENALTY FIXED BY CONTRACT. Where the ordinance for a public improvement is silent as to the time when the work is to be completed, and the contract fixes a stated time within which the work is to be done and also prescribes that if it is not so completed certain deductions are to be made from the contract price for each day its completion is so delayed, and the work is completed within a reasonable time, the ordinance is complied with, and if the deductions for the delay are taken from the

Heman v. Gilliam.

contract price and from the tax bills, the contract, too, is complied with, and the tax bills are valid. [Distinguishing all the cases, and overruling Ayers v. Schmohl, 86 Mo. App. 349.]

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood*, Judge.

AFFIRMED.

*Luther Ely Smith* for appellant.

(1)  The court erred in refusing defendant's sixth instruction. Defendant was allowed no opportunity to be heard as to the benefits to his property from the improvement made, and the assessment and taxbill issued therefor are in direct violation of the Constitution of the United States. U. S. Constitution, 14 Amendment, sec. 1; Wilson v. Trenton, 61 N. J. L. 599; 16 Am. St. Rep. 716; Ramish v. Hartwell, 58 Pac. 459; Hutchinson v. Storrie, 51 S. W. 848; Norwood v. Baker, 172 U. S. 269; Tidewater Co. v. Coster, 18 N. J. Eq. 518; Bogert v. City of Elizabeth, 27 N. J. Eq. 568; Barnes v. Dyer, 56 Vt. 469; charter, art. 6, secs. 14-16, 18, 24, 25. (2)  The court erred in refusing defendant's third instruction. Where time is made of the essence of the contract and there is failure to comply substantially with the terms of the contract in regard to time, there can be no recovery upon a special taxbill issued for work done thereunder.  Strict compliance with the law and the terms of the contract is necessary to justify a recovery.  Neill v. Gates, 152 Mo. 587; Rose v. Trestrail, 62 Mo. App. 352; McQuiddy v. Brannock, 70 Mo. App. 535; Trust Co. v. James, 77 Mo. App. 616; Whittemore v. Sills, 76 Mo. App. 248; Kansas City v. McDonald, 73 Mo. App. 439; Ayers v. Schmohl, 86 Mo. App. 350; City of Springfield to use v. Davis, 80 Mo. App. 574; Mason v. DesMoines, 108 Iowa 662; Carthan v. Lang, 69 Iowa 386; Owens v. Heydenfeldt, 6 Pac. 423; Beveridge v. Livingstone, 54 Cal. 54; St. Louis to use v. Clemens, 43 Mo. 403; Philadelphia v. Jewell, 135 Pa. St. 329; Ruggles v. Collier, 43 Mo. 365; Traders' Bank v. Payne, 31 Mo. App. 512; Meyer v. Wright, 19

Mo. App. 283; Brock v. Luning, 89 Cal. 316; Raisch v. San Francisco, 80 Cal. 5; Fanning v. Schammel, 68 Cal. 428; Dougherty v. Coffin, 69 Cal. 454; Wickwire v. Elkhart, 144 Ind. 305; Fulkerson v. Eads, 19 Mo. App. 620; Davis v. Smith, 15 Mo. 467; Paradine v. Jane, Aleyn 26; Harmony v. Bingham, 2 Kernan 99; Harrison v. Railroad, 74 Mo. 371; Brinkerhoff v. Elliott, 43 Mo. App. 185; White v. Railroad, 19 Mo. App. 400; Beattie v. Coal Co., 56 Mo. App. 221; Const. Co. v Geist, 37 Mo. App. 509; Leach v. Cargill, 60 Mo. 316; Kiley v. Oppenheimer, 55 Mo. 374; Kansas City v. Swope, 79 Mo. 448; City of Lowell v. Wentworth, 6 Cush. 221; City of Dubuque v. Wooten, 28 Iowa 571; Stifel v. Cooperage Co., 38 Mo. App. 340; Dennison v. Kansas City, 95 Mo. 429; Kansas City v. Ratekin, 30 Mo. App. 422; Kinealy v. Gay, 7 Mo. App. 204; Cooley on Const. Lim., 78; Railroad v. Apperson, 97 Mo. 307; St. Joseph v. Landis, 54 Mo. App. 322; Cent. Dict., 1148. `(3)  The court erred in refusing defendant's motion for nonsuit and fourth instruction.  There is no authority under the charter of St. Louis or of the State of Missouri for an assessment against defendant's property for the pavement of an alley.  Charter St. Louis, art. 6, sec. 18; Mun. Code 1901, 264; Murnane v. St. Louis, 123 Mo. 485; Charter St. Louis, art 6, sec. 14; Laws 1893, p. 59; Ritterskamp v. Stifel, 59 Mo. App. 510.   (4) The court erred in admitting special taxbill No. 6302 in evidence, without explanation of the alteration which it bore on its face.  Holton v. Kemp, 81 Mo. 661; Burnett v. McCluey, 78 Mo. 687; McCormick v. Fitzmorris, 39 Mo. 25; Kelly v. Thuey, 143 Mo. 434; Paramore v. Lindsay, 63 Mo. 67; Matthews v. Coalter, 9 Mo. 705; Lubbering v. Kohlbecher, 22 Mo. 596; Sweitzer v. Banking Co., 76 Mo. App. 1; Finney v. Turner, 10 Mo. 207; Land & Lumber Co. v. Moss Tie Co., 87 Mo. App. 174; Stillwell v. Patton, 108 Mo. 360; Patterson v. Fagan, 38 Mo. 84; Kefferstein v. Knox, 56 Mo. 188; Stadler v. Roth, 59 Mo. 403; Western Brew. Ass'n v. Fitzmaurice, 7 Mo. App. 283; Warren v. Layton, 4 Har. (Del.) 404; Bank v. Cook, 2 Kulp (Pa.) 134; Den v. Mason, 1 N. J. L. 10;

Collins v. Ball, 82 Tex. 259; Whitsett v. Womack, 8 Ala. 466; Muller v. Luco, 80 Cal. 257; Stoner v. Ellis,, 6 Ind. 752; Cole v. Hills, 44 N. H. 227; Hay v. Douglas, 32 N. Y. Super. 49; Burgwin v. Bishop, 91 Pa. St. 336; Van Dusen v. Thomas, 10 W'kly Notes Cas. (Pa.) 190; Kiser v. State, 13 Tex. App. 201; Collins v. State, 16 Tex. App. 274; Rodriguez v. Haynes, 76 Tex. 225.

*Hickman P. Rodgers* for respondents.

(1)   The assessment was according to the front-foot rule and therefore valid.   Nor was notice or opportunity to the property-owner, concerning hearing as to benefits, necessary.   Barber Asphalt Paving Co. v. French, 158 Mo. 534.   (2)   The municipal authorities of St. Louis had the power under the charter to require the improvement of the alley and to levy special assessment therefor in the manner adopted in this instance.   Charter, art. 6, secs. 14, 15, 18 and 25, pp. 2511, and 2512, 2 R. S. 1899; Endlich on Inter. of Statutes, sec. 1, p. 1; sec. 35, p. 44; sec. 245, p. 321; sec. 251, p. 335.   State ex rel. v. Marsh, 48 Mo. App. 560; St. Joseph v. Landis, 54 Mo. App. 315; Ross v. Railroad, 111 Mo. 18; Bank v. Skeen, 101 Mo. 683; St. Louis v. Lane, 110 Mo. 254; Kone v. Railroad, 112 Mo. 34. (3)   The alteration complained of does not vary the meaning of the instrument or materially effect its operation; therefore, its value as evidence is not impaired; and by whom, and with what intent an alteration was made, are questions of fact for the jury.   2 Parsons on Contracts, p. 839; Western Bldg. Assn. v. Fitzmaurice, 7 Mo. App. 283; Williams v. Jensen, 75 Mo. 681.   (4)   The description of the ground charged with the lien is sufficient, in view of all the evidence in the case, to identify the same.   Brown v. Walker, 11 Mo. App. 226; s. c., 85 Mo. 262.   (5)   The court committed no error in refusing defendant's third instruction for the reason that there was no evidentiary basis for the same.   McAtee v. Vanlandingham, 75 Mo. App. 45. The ordinance, by virtue of which the contract was

made, contained no provision as to the time for completion of the work.

BRACE, P. J.—This is an appeal by the defendant from a judgment of the St. Louis City Circuit Court in favor of the plaintiffs for the sum of $22.75, in an action (commenced before a justice of the peace and taken by appeal to that court) on a properly certified special taxbill in words and figures as follows:

"Special Taxbill.
Office of
"President of Board of Public Improvement,
St. Louis, October 14, 1897.
"John A. Gilliam (owner), To Aug. and John C. Heman (contractors), Dr.

"For work done on alley from Whittier street to Pendleton avenue, and between Delmar Blvd. and Morgan street. Chargeable against lot No. Pt. 36 and 35, in city block No. 3756, said ground having an aggregate front of 32.0 feet, by a depth of 150.0 feet, bounded north by alley, east by Hyman, south by Delmar Blvd., and west by Fisher.

"Under the authority of the charter and of ordinance No. 18271, and under contract No. 4444, as follows, viz.:

| | Price | Total. |
|---|---|---|
| Concrete, - - - - - - foundation, 108.82 squares, $4.50. | | $ 489.69 |
| Paving with vitrified paving brick, 108.82, squares | 9.49 | 1,032.70 |
| Total cost of work, | | $1,522,39 |

| Total frontage taxed | Rate per front foot | Feet front of lot taxed | Amount. |
|---|---|---|---|
| 1,452.91 feet. | $1.04782 | 32 | $33.55 |

(1) On the trial the defendant objected to the introduction of the taxbill in evidence "because of an alteration evident upon the face thereof." The objection was overruled, and this is assigned as error.

In the original taxbill brought by consent to this court for its inspection, in the description by lot the letter P faintly appears before the figures "35" as though the description had been originally written "Lot No. Pt. 36 and P. 35" and the letter "P" attempted to be erased or rubbed out. And this is the alteration complained of. As this part of the description, however, was general, obscure and indefinite, whether the faint "P" be read into it or left out, and was immediately followed by a particular, definite and correct description of the lots charged with the tax, and owned by the defendant, the alteration, if it can be so called, was immaterial, and the trial court did not err in overruling the objection. In such case the general is limited and controlled by the particular description. [4 Am. and. Eng. Ency. Law (2 Ed.), p. 799 c.]

(2)    Ordinance No. 18271, approved January 24, 1896, authorized and directed the board of public improvements to cause the alley in question "to be graded; the roadway to be paved with vitrified paving brick laid on a concrete base" in accordance with specifications therein set out, and provided that:

"Sec. 4.    The cost of the brick pavement and of the concrete herein required shall be charged as a lien upon the adjoining property, fronting or bordering on the improvements herein provided for, and shall be paid by the owners thereof. When said work is completed the president of the board of public improvements shall compute the cost thereof and levy and assess the same as a special tax against each lot of ground chargeable therewith in the names of the owners thereof, respectively, in the proportion that the linear feet of each lot fronting or bordering on said improvement bears to the total number of linear feet of all property chargeable with the special tax aforesaid, and shall make out and certify to the comptroller, on behalf of the contractor, bills of such cost and assessment accordingly, as required by law.

"Sec. 5.    The cost of the grading shall be paid by the city of St. Louis, and the sum of seventy-nine dol-

lars is hereby appropriated on account thereof, payable out of the fund set apart for street improvements.''

The defendant asked the court to declare the ordinance invalid upon two grounds: *First,* that under its charter the city of St. Louis had no authority to charge the cost of paving alleys against the adjoining property; and, *second,* that charging such cost against such property according to the ''front-foot rule,'' is in violation of the Federal and State Constitutions. As to the latter proposition it is only necessary to say that the constitutionality of this method of assessing benefits for an improvement, against abutting property, is no longer an open question, and that the court committed no error in refusing to declare the ordinance void because obnoxious to either the Federal or State Constitution. [Barber Asphalt Paving Co. v. French, 158 Mo. 534; affirmed, 181 U. S. 324.]

(3)    The provisions of the charter upon which the argument in support of the first proposition is based, are contained in section 18, article 6, under the subtitle ''Construction of Streets and Alleys,'' Revised Statutes 1899, p. 2512, which is as follows:

''Sec. 18.    The cost of construction of all the foregoing improvements within the city shall be apportioned as follows: The grading of new streets, alleys and the making of cross-walks, and the repairs of all streets and highways and cleaning of the same, and of all alleys and cross-walks, shall be paid out of the general revenue of the city; and the paving, curbing, guttering, sidewalks, and the materials for the roadways, the repairs of all alleys and sidewalks, shall be charged upon the adjoining property as a special tax, collected and paid as hereinafter provided. Whenever the estimated special taxes to be assessed against any property shall in the aggregate amount to more than twenty-five per cent of the assessed value of said property, calculating a depth to such property of one hundred and fifty feet, then the assembly shall provide out of the general revenue for the payment of the amount in excess of the said twenty-five per cent. The board of pub-

lic improvements shall notify the assembly whenever an ordinance is pending which requires an appropriation out of the general revenue to pay a part of the cost of the improvements therein contemplated.''

It is contended for appellant, that the work charged for in the bill sued on is ''construction work;'' that the only reference to alleys in the items to be charged upon the adjoining property is ''the repairs of all alleys,'' and, hence, it is argued, there was no authority for charging the cost of paving the roadway of this alley against the adjoining property. The argument loses sight of the fact that the word ''paving'' and the words ''the material for the roadways'' immediately precede the words ''the repairs of all alleys'' in the sentence in the same section, and that the former as well as the latter are the subjects of the predicate ''shall be charged upon the adjoining property as a special tax.'' The improvements provided for in the preceding sections are ''the construction and reconstruction of the streets, alleys and highways of the city.'' A ''*roadway*'' is common to all these improvements, and the charter evidently provides that when the cost of the construction of such *roadway* whether of street, alley, or other highway, does not exceed twenty-five per cent of the assessed value of the adjoining property, the whole of such cost is to be apportioned between the city and the adjoining property—the cost of the ''grading'' to be paid out of the general revenue of the city; the cost of the ''paving'' and of ''the materials for the roadway'' to be ''charged upon the adjoining property.'' The cost of the construction of the *roadway* of this alley was so apportioned by the ordinance and the court committed no error in refusing to sustain the first proposition.

(4) The contract (No. 4444) under which the work charged for was done, contained the following stipulation:

''The work embraced in this contract shall be begun within one week after written notice so to do shall have been given to the contractor by the street commissioner, and carried on regularly and uninterruptedly thereafter

(unless the said commissioner shall otherwise, in writing, specially direct), and with such force as to insure its full completion within four weeks thereafter; the time of beginning, rate of progress, and time of completion being essential conditions of this contract, and if the contractor shall fail to complete the work by the time above specified, the sum of five dollars per day for the first ten days and the sum of ten dollars per day for each and every day thereafter, until such completion, shall be deducted from the moneys payable under this contract."

On January, 14, 1897, the plaintiffs were notified to commence the work on the alley within one week from that date and complete the same on or before August 18, 1897. In pursuance of such notice the work was commenced, progressed and was, on August 7th, apparently completed, and on that day was measured up by the city engineer.

On August 13, 1897, however, written complaints by two property-holders, Long and Ingalls, as to the manner in which the work had been done, were received by the board of public improvements, who thereupon appointed three commissioners to examine the work and report its condition. On the 20th of August, 1897, the commissioners having examined the work, reported its condition, showing some latent deficiencies in the construction, and on the 20th of September, 1897, the board ordered the street commissioner to require the contractors to make good all the deficiencies in the work, and on the 11th of October, 1897, the street commissioner certified that the order of the board dated September 17, 1897, directing the street commissioner to require the contractor to make good all deficiencies in the work, had been complied with, that the work was done and materials furnished in accordance with the specifications of the contract, and that the measurements (as reported) are correct. Thereupon the taxbills therefor, dated October 14, 1897, were issued and delivered to the plaintiffs.

On this branch of the case, the defendant asked

the court to declare the taxbill invalid because the work was not completed within the time specified in the contract, and the refusal of the court to so declare is assigned as error. To sustain this assignment the following cases are cited and relied on: Rose v. Trestrail, 62 Mo. App. 352; McQuiddy v. Brannock, 70 Mo. App. 535; Whittemore v. Sills, 76 Mo. App. 248; Safe Deposit & Trust Co. v. James, 77 Mo. App. 616; City of Springfield to use v. Davis, 80 Mo. App. 574; Neill v. Gates, 152 Mo. 585; Ayers v. Schmohl, 86 Mo. App. 349; Winfrey v. Linger, 89 Mo. App. 159; Schoenberg v. Heyer, 91 Mo. App. 389; to which now may be added, as being in the same line, the more recent cases of Barber Asphalt Pav. Co. v. Ridge, 169 Mo. 376, and Childers v. Holmes (Mo. App.), 68 S. W. 1046. In seven of these eleven cases, viz.: Rose v. Trestrail, McQuiddy v. Brannock, Whittemore v. Sills, Safe Deposit & Trust Co. v. James, Neill v. Gates, Schoenberg v. Heyer, and Barber Asphalt Pav. Co. v. Ridge, the ordinance in pursuance of which the contract was made, under which the work was done, for which the taxbills were issued, required that the work should be completed within a time specified in the ordinance, and in each of them it was held that the taxbills were invalid for the reason that the work was not completed within the time required *by the ordinance.*

The case in hand is distinguished from each and all of these seven cases, by the fact that the ordinance herein did not require the work to be completed within any specified time. The ordinance is silent on the subject, and says nothing as to when the work shall be commenced or when completed. Hence, none of these seven cases is authority for holding the taxbill in this case invalid and further consideration may be directed to the other four cases. In one of these cases, City of Springfield to use v. Davis, 80 Mo. App. 574, the court went a step further, and in that case, although the special ordinance in pursuance of which the contract was made, under which the work was done, for which the special taxbills were issued, did not provide for the

completion of the work within a stated time, yet, as the *contract* did require the work to be done within a specified time, and the general ordinances of the city required that such work must be performed ''within the time agreed upon,'' the court held that the taxbills were invalid, because the work was not completed within the time specified *in the contract*.   The case in hand is distinguished from that case by the fact that it was not shown that the general ordinances of the city of St. Louis contained such a provision.   In the other three cases, Ayers v. Schmohl, 86 Mo. App. 349, Winfrey v. Linger, 89 Mo. App. 159, and Childers v. Holmes, 68 S. W. 1046, the special ordinances in pursuance of which the contract was made under which the taxbills were issued did not specify the time in which the work was to be completed.   Nor was any general ordinance shown requiring such work to be done ''within the time agreed upon.''   Yet the court held that the taxbills were invalid because the work was not completed within the time specified *in the contract*.   The case in hand may be distinguished from one of these cases, Winfrey v. Linger, 89 Mo. App. 159, by the fact that in that case the time within which the work was required to be completed seems to have been fixed by the contract, while in this case the time specified in the contract is qualified by the provision that, ''if the contractor shall fail' to complete the work by the time above specified, the sum of five dollars per day for the first ten days, and the sum of ten dollars per day for each and every day thereafter, until such completion, shall be deducted from the moneys payable under this contract,'' the effect of which provision was to render the time within which the work was to be completed indefinite, as was in effect held in Neill v. Gates, 152 Mo. 585, and McQuiddy v. Brannock, 70 Mo. App. 535, and in those cases, for that very reason, the contracts were held to be repugnant to the ordinances, and therefore the taxbills were invalid.

The contract in the case of Childers v. Holmes also contained a similar provision, but that case may also be

distinguished from the one in hand by the fact that the contract in that case was confirmed by a subsequent ordinance in which the time specified in the contract (100 days) was extended 45 days, and it was held that the time limited for the work was at most 145 days, and because the work was not completed within that time the taxbills were held invalid.

The case of Ayers v. Schmohl, 86 Mo. App. 349, remains. That case can not be distinguished from the case in hand in any of the particulars mentioned. That case was decided December 17, 1900, and was the first case in which it was held that the taxbills given for work done under a contract, when the whole work was not completed within the time specified *in the contract,* were invalid, although the work was not required to be completed within that time by the ordinance under which the contract was made, or by any general ordinance of the city. The court in answer to defendant's contention in support of the judgment (distinguishing that case from the precedent cases of Rose v. Trestrail, 62 Mo. App. 352; McQuiddy v. Brannock, 70 Mo. App. 535; Safe Deposit & Trust Co. v. James, 77 Mo. App. 616; and Neill v. Gates, 152 Mo. 585, upon which defendant relied), in the opinion said: "The important point of difference between these cases and the one at bar, is that the ordinance in each of those cases enacted a certain time within which the work should be done which the contract attempted to vary, while in the present case the ordinance does not fix a time limit. It is silent as to time. Now, though an ordinance does not name or fix a certain or definite time, yet it does not follow that it has not prescribed a time, for in the absence of a specified time, a reasonable time is implied. So, therefore, we construe the ordinance in controversy as containing an expression of the legislative will of the city council that the work should be completed within a reasonable time. Such an ordinance has been held to be valid, in this respect, under an identical charter, in Varlin v. Cavender, 56 Mo. 286, and Strassheim v. Jerman, 56 Mo. 104. In those cases it is held that by no

fair construction of the charter was there any require-
ment for stating in the ordinance 'the precise day when
the work should be commenced, or within what period
it should be finished.' Those cases further held that
where the ordinance did not fix a specific time and the
contract did, a failure to complete the work within the
time stated in the contract did not necessarily avoid
the bill, there being nothing to show that time was of
the essence of the contract, or, that the delay was un-
reasonable. But they by no means intimate that if the
ordinance fixes a time, the work need not be completed
within such time. Evidently, if the ordinance fixes
no specific time in which to begin and complete the
work, it confers a 'present authority' to go ahead with
the proceeding, and the work must be completed within
a reasonable time. If the contract names a specific
time, which is not a reasonable time, then it would be
void as to the property-holder. . . . But if the con-
tract fixes some reasonable period to complete the work,
it is in keeping with the ordinance.'' And further on
in the opinion the court said: ''Plaintiff's position is
that since the ordinance did not prescribe a certain time
in which the work should be completed, that portion of
the contract fixing a certain time (60 days) should be
disregarded as unauthorized. But it clearly should not
be disregarded if the time fixed is a reasonable time,
for that, as we have seen, would be in keeping with the
ordinance. Whether the time fixed is a reasonable time
would be open to question and inquiry by the non-con-
senting property-owner, but it does not follow that the
contractor could question it. He, by making the con-
tract, incorporating such provision in it, . . . and
doing the work thereunder, can not be heard to say that
the time named was not a reasonable time. To allow
that would be to permit him to repudiate his voluntary
act. It would allow him to repudiate what became
onerous to him, and yet hold on to what was profitable.
When the definite time named in the contract was pro-
posed, which he now says was unreasonably short, he
should have refused to enter into it, and the work could .

then have been let to some other person. Instead of adopting this fair and reasonable course, he accepted the prescribed limit, joined in asserting that such a limit was of the essence of the entire contract, and by this means obtained the work which he did not propose to complete as he agreed that he would.'' And thereupon the court ruled: ''The time prescribed in the contract, as to the maker thereof, must be regarded as a reasonable time. And the contract itself disclosing and declaring that such time was of the essence of the contract, we must hold the failure to do the work in the time agreed upon renders the taxbill invalid.''

With the reasoning of the opinion in that case we have no fault to find. The fault is in the application of the reasoning to the facts of the case. If the contract in that case had fixed a certain and definite time within which the work must have been completed at all events, then the conclusion reached that the taxbills were invalid would follow. But the argument leaves entirely out of view the qualifying provision as to time in that contract, similar to the one in the contract of the case at bar, by which the time within which the work was to be completed was rendered indefinite, as we have seen. It is true a time within which the work was to be completed was specified in the contract, but in immediate connection therewith it was also specified that if not completed within that time, the contractor should suffer a forfeiture, not of all his pay under the contract, as would have been the case but for that provision, but only of a certain proportion thereof. The contract contemplated that the work might not be completed within the time stated, and made provision for such a contingency, and upon its happening, for an extension of such time upon terms. All that the ordinance required was that the work should be completed within a reasonable time. All that the contract required was that the work should be completed within a stated time, or in case it was not completed within that time that certain deductions should be made from the moneys payable under the contract as therein stated. Although the contractor

may not have completed the work within the time stated in the contract, yet if he completed the work within a reasonable time the ordinance was complied with, and if the deductions required by the contract are made from the taxbills, the contract is complied with, and when the requirements of both ordinance and contract are fully satisfied, surely neither the city, the property-owner, nor anybody else has any ground of complaint against the contractor; and in such case he would be entitled to have taxbills against the property-owner for his proportionate share of the contract price, less the amount of such deductions, and to that extent the taxbills would be good. Hence, in this case we do not think the court committed error in refusing to declare the taxbill void from the mere fact that the work may not have been completed within the specified time stated in the contract, and finding none of the errors well assigned, the judgment of the circuit court is affirmed. All concur.