ASH & GENTRY, Respondents, v. CITY OF INDE-
PENDENCE, Appellant.

**Kansas City Court of Appeals, February 2, and November 9, 1903.**

TAXBILLS: Limitations: When Action Accrues. A city entered
into an agreement with a contractor to make certain street im-
provements, which he was to complete on a given date. Before
that date he was enjoined by a property owner for the city's
failure to have damages assessed. The taxbills were issued for
the work done and held void, by reason of the neglect of the
city. *Held*, that the contractor's right of action against the city
accrued on the date agreed for the complete performance of
the contract, and limitation ran from that time.

Appeal from Jackson Circuit Court.—*Hon. John W.
Henry*, Judge.

REVERSED.

*Paxton & Rose* for appellant.

(1) The contract ran from August 18, 1887, to
September 7, 1887. If plaintiffs had any cause of ac-
tion it arose September 7, 1887, and was barred March
25, 1893, when this suit was brought. Brady v. St. Jo-
seph, 84 Mo. App. 399; Carr v. Thompson, 67 Mo. 472-
476; R. S. 1899, sec. 4271. (2) If the city suffered an
injunction to go against the work, and if such injunction
was caused by the fault of the city, then plaintiff's right
of action arose at the date of such injunction, September
17, 1887, and was barred by limitation when this suit
was brought, March 25, 1893. Murray v. Kansas City,
47 Mo. App. 105; Bean v. Miller, 69 Mo. 384. (3)
This court found that the taxbills were void on account
of the fault of these plaintiffs in not grading College
street, and the city is not liable. Plaintiffs are bound

by this decision. State ex rel. v. St. Louis, 145 Mo. 551; Carmody v. Hanick, 85 Mo. App. 659; Crispen v. Hannavan, 50 Mo. 415; Groscheke v. Bardenheimer, 15 Mo. App. 353. (4) The time within which the contract- was "to be completed had expired, no extension had been granted, and plaintiffs were in default when the injunction was granted, September 17, 1887. Rose v. Trestrail, 62 Mo. App. 352; Kemp v. Humphreys, 13 Ill. 573; Morgan v. Herrick, 21 Ill. 481-495; Wells v. Smith, 2 Edw. Chy. (N. Y.) 78; Kirby v. Harrison, 20 Ohio St. 326, 59 Am. Dec. 677; Garretson v. Vanloon, 3 G. Greene 128, 54 Am. Dec. 492.

*L. A. Laughlin* for respondents.

(1) One point made by defendant is that the time for completing the contract expired on September 7, 1887, according to its terms so that the contract was already forfeited and the plaintiffs could not have recovered if there had been no injunction. General Ordinance No. 195 under which this work was done, contains no provision as to the time in which the work shall be completed. The case falls within the rule laid down in Carlin v. Cavender, 56 Mo. 286, and distinguished in Springfield v. Davis, 80 Mo. App. 574, 578. The city engineer had the power to waive this provision of the contract and the evidence shows that he did so by directing the plaintiffs to round up the work after the restraining order was granted on September 17, 1887. Besides the board of aldermen afterwards accepted the work on December 23, 1887. This was a complete waiver of the time provision in the contract. Leavenworth v. Mills, 6 Kas. 288. (2) Defendant's sixth claim is that the plaintiff's right of action is barred by the statute of limitations. Conceding that the decision of the Kansas City Court of Appeals in Brady v. St. Joseph, 84 Mo. App. 399, that the five-year limitation applies to this kind of an action, the

question arises when did the plaintiff's right of action accrue? The breach of duty upon the part of the city for which this action is brought is the failure of the city to assess damages and benefits within a reasonable time after the necessity for doing so arose. The mere fact that a perpetual injunction was granted gave to plaintiffs no right of action against the city. Plaintiffs would have had no right of action against the city the next day after the perpetual injunction was granted, because the city was entitled to a reasonable time thereafter in which to take the necessary steps to assess the damages and benefits. Commercial Nat'l Bank v. Portland, 24 Ore. 188; 19 Am. and Eng. Law, 202, 288; Dry Goods Co. v. Goss, 65 Mo. App. 55; Railroad v. Com. Co., 71 Mo. App. 299.

ELLISON, J.—Plaintiffs were contractors in certain street improvements in the city of Independence. After having done a large part of the work they were prohibited by an injunction obtained by a property holder from going on therewith, on the ground that the city had not had assessed the damages and benefits caused by said improvement as required by law. The plaintiffs were thus prevented from completing the work. Taxbills were afterwards issued to plaintiffs for the work done and these were declared invalid on two grounds: one, that the city levied the tax upon only a part of the property abutting upon the street improved; and the other, that the whole work had not been completed. City of Independence v. Gates, 110 Mo. 374,

The plaintiffs brought the present action against the city for damages on the ground that by the fault of the city in not having the damages assessed, they were prevented from completing the work and were thereby deprived of valid taxbills. On a trial judgment was given for the city and plaintiffs appealed the case to the Supreme Court where it was transferred to this court.

145 Mo. 120. That result was reversed in this court and the cause remanded for new trial; this court holding the city liable on the case there presented. Ash & Gentry v. Independence, 79 Mo. App. 70. On a retrial, an amended answer was filed in which among other defenses the statute of limitations was pleaded and a constitutional question was attempted to be raised. Plaintiffs obtained judgment for damages and defendant appealed to the Supreme Court and that court, being of the opinion that there was no constitutional question presented, transferred the case here.

These facts appear on the question of limitation: The contract for the improvement was made by these plaintiffs August 8, 1887; by its terms work was to be begun within ten days thereafter and was to be completed within twenty days after that, viz: September 7, 1887; time was stipulated as a condition of the contract. The injunction which stopped plaintiffs from work was issued September 17, 1887, and was made perpetual March 15, 1888. This action was begun more than five years thereafter, to-wit: on March 25, 1893.

We determined in the case of Brady v. St. Joseph 84 Mo. App. 399, that the five-year period of limitations applied to a case of the kind before us. The question then is, when did plaintiff's cause of action accrue against the defendant city? It accrued on the first day that plaintiffs might have instituted their action. The contract was that plaintiffs should make full performance by September 7, 1887. That implied that defendant would perform all duties on its part necessary, as a prerequisite, to plaintiffs' performance. So soon, therefore, as defendant's act of omission in failing to have damages and benefits assessed necessarily prevented plaintiffs from performance within the time they were bound to perform, they had a right to abandon it and look to defendant for consequent damages. They were not bound to wait further. They were not bound to put up with either defendant's caprice, or indifferent

neglect. If they were, how long must they wait before their right to sue would come about? It is not pretended that defendant complied with its duty to plaintiffs in the respect referred to, and the case shows that an injunction put an end to the work on that account, and though the work (with the apparent acquiesence of all concerned) proceeded from September 7, the contract date for its completion, until September 17, the date of the injunction, yet at that date, at least, defendants wrongful omission became effective in stopping plaintiffs' performance. And it then, at least, became known to plaintiffs that defendant had itself abandoned the contract by failing in precedent performance on its part. The facts existed at that time to complete plaintiffs' cause of action and from that time the statute began to run. It follows that plaintiffs' action is barred by the statute.

Plaintiffs contend that the city had a reasonable time in which to perform the duty of having an assessment of damages and benefits. This contention is answered in what we have already said of the contract.

The further contention is made that defendant by its conduct was estopped from setting up the statute of limitations. It is sufficient to say of this that no such issue was made by the pleadings in the trial court.

The judgment is reversed. All concur.

BROADDUS, J.—*concurring on rehearing*: An opinion was delivered in this case on the second of February, 1903. A motion for rehearing was sustained and the cause was resubmitted at the October term of the same year. After reconsideration we are of the opinion that the first holding was right. The rule in Heman v. Gilliam, 171 Mo. 258; s. c., 71 S. W. Rep. 163, afterwards followed in Sparks v. Villa Rosa Land Co., 99 Mo. App. 48; s. c., 74 S. W. Rep., which plaintiff insists governs in this case, we do not believe has any application whatever. In each one of those cases the

controversy was between the contractor and the land-owner and no reference was made to the statute of limitations. The former opinion in this case is therefore adopted and the cause reversed. All concur.